IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY, PART III

| | |
|---|---|
| ABU-ALI-ABDUR'RAHMAN, LEE HALL, a/k/a LEROY HALL, BILLY RAY IRICK, DONNIE JOHNSON, DAVID EARL MILLER, NICHOLAS TODD SUTTON, STEPHEN MICHAEL WEST, CHARLES WALTON WRIGHT, EDMUND ZAGORSKI, JOHN MICHAEL BANE, BYRON BLACK, ANDRE BLAND, KEVIN BURNS, TONY CARRUTHERS, TYRONE CHALMERS, JAMES DELLINGER, DAVID DUNCAN, KENNATH HENDERSON, ANTHONY DARRELL HINES, HENRY HODGES, STEPHEN HUGUELEY, DAVID IVY, AKIL JAHI, DAVID JORDAN, DAVID KEEN, LARRY MCKAY, DONALD MIDDLEBROOKS, FARRIS MORRIS, PERVIS PAYNE, GERALD POWERS, WILLIAM GLENN ROGERS, MICHAEL SAMPLE, OSCAR SMITH, Plaintiffs, vs. TONY PARKER, in his official capacity as Tennessee Commissioner of Correction, TONY MAYS, in his official capacity as Warden of Riverbend Maximum Security Institution, JOHN/JANE DOE EXECUTIONERS 1-100, JOHN/JANE DOE MEDICAL EXAMINER(S) 1-100, JOHN/JANE DOE PHARMACISTS 1-100, JOHN/JANE DOE PHYSICIANS 1-100, JOHN/JANE DOES 1-100, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 18-183-II(III) |

## ORDER APPLYING TENNESSEE CIVIL PROCEDURE RULE 15.02

At the close of their proof, the Plaintiffs made a Tennessee Civil Procedure Rule 15.02 motion to amend the pleadings to conform to the proof.

The Court denied Plaintiffs amending the pleadings to assert removal of vecuronium bromide from the Tennessee three-drug July 5, 2018 lethal injection protocol as a known, feasible and available alternative, *see Glossip v. Gross*, 135 S. Ct. 2726 (2015). This potential cause of action was known or could have been known by the Plaintiffs upon the filing of the lawsuit, and this cause of action has not been tried by express or implied consent. The Court ruled that the *Glossip* alternative the Plaintiffs have pleaded is Protocol A, *see, e.g., Second Amended Complaint For Declaratory Judgment*, pp. 46-50, ¶¶ 288-320; 323 (July 3, 2018).[1] Incorporated herein by reference, to the transcript of the proceedings, are the oral argument and ruling.

Denial of the Plaintiffs' Rule 15.02 motion to amend on the *Glossip* alternative, however, is separate from and does not affect that by express consent of the parties, *see Defendants' Notice Of Filing-Lethal Injection Execution Manual Revised July 5, 2018,*

---

[1] *See, e.g., Grayson v. Warden*, 672 Fed. Appx. 956, 960 (11th Cir. 2016) ("The Supreme Court affirmed that ruling and clarified in its decision that, in order to prevail on an Eighth Amendment method-of-execution claim, a prisoner **must plead and prove** that: (1) the challenged execution method is "sure or very likely to cause serious illness and needless suffering" and (2) there is "an alternative [method of execution] that is feasible, readily implemented, and in fact significantly reduces a substantial risk of severe pain." *Id.* at 2737 (quotations and emphasis omitted) (applying *Baze v. Rees*, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008)).") (emphasis added); *Arthur v. Comm'r, Alabama Dep't of Corr.*, 840 F.3d 1268, 1303 (11th Cir. 2016), *cert. denied sub nom. Arthur v. Dunn*, 137 S. Ct. 725 (2017), *reh'g denied*, 137 S. Ct. 1838 (2017) ("The State need not make any showing because it is Arthur's burden, not the State's, **to plead and prove** both a known and available alternative method of execution and that such alternative method significantly reduces a substantial risk of severe pain. <u>Glossip</u>, 135 S.Ct. at 2737, 2739.") (emphasis added).

2

the pleadings have been amended to conform to the filing on July 5, 2018 and the proof at trial that the protocol in issue and on which declaratory judgment is sought is the Lethal Injection Execution Manual, Execution Procedures For Lethal Injection, Revised July 5, 2018.[2]

It is so ORDERED.

*s/ Ellen Hobbs Lyle*
ELLEN HOBBS LYLE
CHANCELLOR

cc by U.S. Mail, email, or efiling as applicable to:
    Kelley J. Henry
        Attorney for Plaintiffs Abdur'Rahman, Bane, Black, Bland, Burns, Carruthers, Chalmers, Dellinger, Duncan, Henderson, Hines, Hodges, Hugueley, Jahi, Ivy, Johnson, Jordan, Keen, Middlebrooks, Miller, Morris, Payne, Powers, Rogers, Sample, Smith, Wright, Zagorski
    Dana C. Hansen Chavis
    Stephen Kissinger
        Attorney for Plaintiffs McKay, Miller, Sutton, and West
    Bradley MacLean
        Attorney for Plaintiff Abdur'Rahman
    Carl Gene Shiles, Jr.
    William J. Rieder
        Attorneys for Plaintiff Irick
    Kathleen Morris
        Attorney for Plaintiff Hall

---

[2] Rue 15.02 of the Tennessee Rules of Civil Procedure provides in pertinent part:

> When issues not raised by the pleadings are **tried by express or implied consent** of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

TENN. R. CIV. P. 15.02 (West 2018) (emphasis added).

Scott C. Sutherland  
Rob Mitchell  
Charlotte M. Davis  
    Attorney for the Defendants