THE CHANCERY COURT
DAVIDSON COUNTY, TENNESSEE

HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

MARIA M. SALAS, CLERK AND MASTER

ABU-ALI-ABDUR'RAHMAN, ET AL
Plaintiffs/Appellants

FILED

AUG 2 2 2018

Clerk of the Appellate Courts
Rec'd By _____

| CERTIFIED | Appearance No. 18-183-III | | | Execution No | APPEALED |
| TRANSCRIPT | CHANCERY COURT | Vs | | SUPREME COURT | TO |
| OF | | No. M2018-01385-SC-RDO-CV | | | Next Term, |
| Cause | | SUPREME COURT | | | 20 |
| | | TRANSMITTED ON: | | | |
| | | August 2⅄ 2018 | | | |

TONY PARKER, IN HIS OFFICIAL CAPACITY AS TENNESSEE COMMISSIONER OF
CORRECTION, ET AL
Defendants/Appellees

Trial Exhibits 106 - 116

Kelley J. Henry, #21113
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville TN 37202
(615) 736-5047

*Attorney for Plaintiffs/Appellants Abu-Ali-Abdur'Rahman, John Michael Bane,
Byron Black, Andre Bland, Kevin Burns, Tony Carruthers, Tyrone Chalmers, James
Dellinger, David Duncan, Kennath Henderson, Anthony Darrell Hines, Henry Hodges,
Stephen Hugueley, Akil Jahi, David Ivy, Donnie Johnson, David Jordan, David Keen, Donald
Middlebrooks, Farris Morris, Pervis Payne, Gerald Powers, William Glenn Rogers, Michael
Sample, Oscar Smith, Charles Walton Wright and Edmund Zagorski*

Exhibit # 105-continued

Contains 11

# AGREEMENT BETWEEN
# RIVERBEND MAXIMUM SECURITY INSTITUTION
# TENNESSEE DEPARTMENT OF CORRECTION
### AND , PHARMACIST

This agreement is made by the Riverbend Maximum Security Institution, a facility of Tennessee Department of Correction, hereinafter referred to as TDOC, and

, hereinafter referred to as the Pharmacist.

In consideration of the mutual promises herein contained, the parties have agreed and do hereby enter into this agreement according to the provisions set out herein.

## I.   OBLIGATIONS OF SERVICE PROVIDER:

The Pharmacist agrees to perform the following services:

1. Provide the drug(s) necessary to carry out an execution by lethal injection;

2. Compound the drug(s) necessary to carry out an execution in a clean, sterile environment;

3. Arrange for independent testing of the compounded solution for potency, sterility, and endotoxins;

4. Perform all services rendered under this agreement in accordance professional standards and requirements under state and federal law;

5. Submit invoices within thirty (30) days after rendering services to: TDOC Fiscal Director, Rachel Jackson Building, 6th Floor, 320 6th Avenue North, Nashville, Tennessee 37243; and

6. Maintain confidentiality of all records in accordance with state and federal law and TDOC policy.

## II.   OBLIGATIONS OF TDOC:

The TDOC agrees to the following:

1. Notify the Pharmacist when services are needed;

2. Compensate the Pharmacist for each execution in which the Pharmacist's services are used, which sum includes but is not limited to the cost of the drug(s) used and the required testing as set forth in Section I.3. of this agreement;

FILED

AUG 2 2 2018

Clerk of the Appellate Courts
Rec'd By

1

EXHIBIT# IIO
FILE DATE 7-13-18
CASE# 18-183-III
BY JFS

**Attachment 2**

3.  Pay an annual fee to the Pharmacist in the amount of $5000.00 (five thousand dollars); and

4.  Process payment for services rendered upon receipt of invoice from Pharmacist.

## III.  ADDITIONAL PROVISIONS:

The parties further agree that the following shall be essential terms and conditions of this agreement:

1.  This agreement shall be effective immediately upon acceptance and signing by both parties and shall remain in effect until terminated by either party.

2.  This agreement may be terminated by either party by giving written notice to the other party at least 30 days in advance. In that event, the Pharmacist shall be entitled to receive just and equitable compensation for any satisfactory, authorized work completed as of the termination date.

3.  Notwithstanding the notice requirement set forth in Section III.2. of this agreement, if the Pharmacist violates any term(s) of this agreement or otherwise fails to perform his obligations under this agreement, TDOC shall have the right to immediately terminate the agreement and withhold payments in excess of fair compensation for completed services. The Pharmacist shall not be relieved of liability to TDOC for damages sustained by virtue of any breach of this agreement by the Pharmacist.

4.  This agreement may be modified only by written agreement executed by all parties.

5.  The Pharmacist shall maintain documentation for all costs and expenses authorized and incurred under this agreement.

6.  The Attorney General's office will represent or provide representation to the Pharmacist in any civil lawsuit filed against Pharmacist for his acts or omissions arising out of and within the scope and course of this agreement except for willful, malicious or criminal acts or omissions or for acts or omissions done for personal gain. Any civil judgment leveled against Pharmacist arising out of the Pharmacist's acts or omissions pursuant to this agreement will be reimbursed by the State in accordance with the terms of § 9-8-112. The Attorney General's office will advocate before the Board of Claims for full payment of any judgment against the Pharmacist arising out of a civil lawsuit in which the Attorney General's office represents or provides representation to the Pharmacist.

2

Attachment 67.3

**IN WITNESS WHEREOF:**


_____                    09-21-14
                                                    Date

PHARMACIST



_____                    9-25-2014
DERRICK D. SCHOFIELD                                Date
COMMISSIONER
TENNESSEE DEPARTMENT OF CORRECTION

3

Attachment 27
1614

**Attachment 27**

This **PHARMACY SERVICES AGREEMENT** ("Agreement") is being made and entered into by and between ███████████████████████ ("Pharmacy") and ███████████████████████████████████ ("Department") on this 27 day November, 2017, and is being made for the purposes and the consideration herein expressed.

## W I T N E S S E T H:

**WHEREAS, Pharmacy is** ██████████████████████████████████████ that provides controlled substance and compounded preparations to practitioners for office use; and

**WHEREAS,** Department is a State of Tennessee governmental agency that is responsible for carrying out sentences of death by means of lethal injection; and

**WHEREAS,** Department desires to engage Pharmacy to provide Department with certain controlled substances and/or compounded preparations for lethal injection administration by the Department to those individuals sentenced to death; and

**WHEREAS,** Pharmacy and Department have agreed to enter into this Agreement setting forth the terms under which Pharmacy will provide certain controlled substances and/or compounded preparations to Department for use in lethal injection.

**NOW, THEREFORE,** in consideration of the covenants and agreements set forth herein, Pharmacy and Department hereby agree as follows:

## Article 1
### SERVICES

**1.1** **Controlled substance.** Upon a written request, which may be sent electronically via facsimile or electronic mail, by Department, Pharmacy shall provide Department with the requested controlled substance. Quantities of the controlled substance shall be limited to an amount that does not exceed the amount the Department anticipates may be used in the Department's office or facility before the expiration date of the controlled substance and is reasonable considering the intended use of the controlled substance and the nature of the services offered by the Department. For controlled substance, Pharmacy shall dispense all drugs in accordance with applicable licensing regulations adopted by the ███████████████████████████████████ and the United States Food and Drug Administration that pertain to pharmacies dispensing controlled substance.

**1.2** **Compounding Preparations.** Upon a written request, which may be sent electronically via facsimile or electronic mail, by Department, Pharmacy shall provide Department with the requested compounded preparation. Quantities of the compounded preparation shall be limited to an amount that does not exceed the amount the Department anticipates may be used in the Department's office or facility before the expiration date of the compounded preparation and is reasonable considering the intended use of the compounded preparation and the nature of the services offered by the Department. For compounded preparations, Pharmacy shall compound all drugs in a clean sterile environment in compliance with pharmaceutical standards for identity, strength, quality, and purity of the compounded drug that are consistent with United States Pharmacopoeia guidelines and accreditation Departments. In addition, Pharmacy shall compound all drugs in accordance with applicable licensing regulations adopted

FILED

AUG 2 2 2018

Clerk of the Appellate Courts
Rec'd By _____

EXHIBIT# 111
FILE DATE 7-13-18
CASE# 18-183-III
BY: SPS

Case 3:18-cv-01234   Document 28   Filed 11/02/18   Page 6 of 10 PageID #: 1126

**Attachment 26**

by the ████████████████████████ that pertain to pharmacies compounding sterile preparations.

**1.3    Limitation on Services.**    Pharmacy shall only provide controlled substance and compounding preparations that it can prepare to ensure compliance with pharmaceutical standards for identity, strength, quality, and purity of the compounded drug that are consistent with United States Pharmacopoeia guidelines and accreditation Departments.   In the event Department requests a controlled substance or compounded preparation which Pharmacy is not able to fill, Pharmacy shall notify Department.

**1.4    Recalls.** In the event that Pharmacy determines that a recall for any controlled substance or compounded preparation provided hereunder is warranted Pharmacy shall immediately notify Department of the medication and/or preparations subject to the recall.   Pharmacy shall instruct Department as how to dispose of the medication or preparation, or may elect to retrieve the medication or preparation from Department.   Pharmacy shall further instruct Department of any measures that need to be taken with respect to the recalled medication or preparation.

**Article 2**
**OBLIGATIONS OF DEPARTMENT**

**2.1    Written Requests.** All requests for controlled substances and compounded preparations must be in writing and sent to Pharmacy via electronic mail or facsimile.  The following shall appear on all requests:

    A.  Date of request;
    B.  FOR COMPOUNDED PREPARATIONS ONLY: Name, address, and phone number of the practitioner requesting the preparation;
    C.  Name, strength, and quantity of the medication or preparation ordered; and
    D.  Whether the request needs to be filled on a STAT basis.

**2.2    Use of Controlled Substance and Compounded Preparations.** Department agrees and acknowledges that all controlled substance and compounded preparations provided by Pharmacy may only be used by Department in carrying out a sentence of death by lethal injection and may not be dispensed or sold to any other person or entity.  Department assumes full responsibility for administering any controlled substance or compounded preparations.

**2.3    Recordkeeping.**  Department agrees to maintain records of the lot number and beyond-use date of a controlled substance or  compounded preparation to be administered or administered by Department that was prepared by Pharmacy.  Department agrees to maintain inventory control and other recordkeeping as may be required by applicable federal and state laws and regulations.

**Article 3**
**TERM AND TERMINATION**

**3.1    Term.** The Effective Date of this Agreement shall be the date first specified above.  The term of this Agreement shall be for a period of one (1) year unless sooner terminated by either party pursuant to the terms and provisions hereof.  If this Agreement is not terminated by either party prior to the anniversary date of this Agreement or any renewal term, this Agreement shall automatically renew for an additional one (1) year term.

**3.2    Termination.**

**A.** Either party to this Agreement may terminate this Agreement, with or without cause, by providing the other party sixty (60) days prior written notice of said termination.

**B.** Pharmacy may immediately terminate this Agreement in the event of any of the following:

  1. Department ceases to provide professional services for any reason.

  2. Department's professional license is revoked, terminated, or suspended.

  3. Department declares bankruptcy.

  4. Department fails to comply the terms of this Agreement and fails to cure such breach within 5 business days of receiving notice of the breach.

**C.** Department may immediately terminate this Agreement in the event of any of the following:

  1. Pharmacy's professional license is revoked, terminated, or suspended.

  2. Pharmacy is excluded or debarred from participation in the Medicare and/or Medicaid programs for any reason.

  3. Pharmacy declares bankruptcy.

  4. Pharmacy fails to comply the terms of this Agreement and fails to cure such breach within 5 business days of receiving notice of the breach.

## Article 4
### REPRESENTATION

**4.1    Representation by TN Attorney General.** The Tennessee Attorney General's Office will represent or provide representation to Pharmacy in any civil lawsuit filed against Pharmacy for its acts or omissions arising out of and within the scope and course of this agreement except for willful, malicious or criminal acts or omissions or for acts or omissions done for personal gain. Any civil judgment leveled against Pharmacy arising out it's acts or omissions pursuant to this agreement will be reimbursed by the State in accordance with the terms of T.C.A. § 9-8-112. The Attorney General's Office will advocate before the Board of Claims for full payment of any judgment against Pharmacy arising out of a civil lawsuit in which the Attorney General's Office represents or provides representation to Pharmacy.

## Article 5
### Miscellaneous

**5.1    Amendment.** This Agreement may be amended only by mutual agreement and reduced to writing and signed by both parties hereto.

**5.2    Payment.** Pharmacy agrees to submit invoices within thirty (30) days after rendering services and/or providing controlled substances or compounded preparations to: TDOC Fiscal Director, Rachel Jackson Building, 6th Floor, 320 6th Avenue North, Nashville, Tennessee, 37243. Department agrees to pay an annual fee to Pharmacy in the amount of $5,000.00 (five thousand dollars).

**5.3    Captions.** Any caption or heading contained in this Agreement is for convenience only and shall not be construed as either broadening or limiting the content of this Agreement.

**5.4    Sole Agreement.** This Agreement constitutes the sole and only agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties respecting the subject matter herein.

**5.5    Controlling Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Tennessee. The parties hereto expressly agree that this Agreement is executed and shall be performed in Davidson County, Tennessee, and venue of all disputes, claims and lawsuits arising hereunder shall lie in Davidson County, Tennessee.

**5.6    Severability.** The sections, paragraphs and individual provisions contained in this Agreement shall be considered severable from the remainder of this Agreement and in the event that any section, paragraph or other provision should be determined to be unenforceable as written for any reason, such determination shall not adversely affect the remainder of the sections, paragraphs or other provisions of this Agreement. It is agreed further, that in the event any section, paragraph or other provision is determined to be unenforceable, the parties shall use their best efforts to reach agreement on an amendment to the Agreement to supersede such severed section, paragraph or provision.

**5.7    Notice.** Any notices under this Agreement shall be hand-delivered or mailed by certified mail, return receipt requested to the parties at the addresses set forth on the signature page of this Agreement, or such other addresses as the parties may designate to the other in writing from time to time.

**5.8    Agreement Subject to State and Federal Law.** The parties recognize that this Agreement, at all times, is subject to applicable state, local and federal laws including, but not limited to, the Social Security Act and the rules, regulations and policies adopted thereunder and adopted by the ████████████████████████ as well as the public health and safety provisions of state laws and regulations. The parties further recognize that this Agreement shall be subject to amendments of such laws and regulations, and to new legislation. Any such provisions of law that invalidate, or otherwise are inconsistent with the terms of this Agreement, or that would cause one or both of the parties to be in violation of the laws, shall be deemed to have superseded the terms of this Agreement; provided, however, that the parties shall exercise their best efforts to accommodate the terms and intent of this Agreement to the greatest extent possible consistent with the requirements of applicable laws and regulations.

**5.9    Compliance With All Applicable Laws.** The parties hereto hereby acknowledge and agree that each party shall comply with all applicable rules regulations, laws and statutes including, but not limited to, any rules and regulations adopted in accordance with and the provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The parties hereby specifically agree to comply with all privacy and security rules, regulations and provisions of HIPAA and to execute any required agreements required by all HIPAA Security Regulations and HIPAA Privacy Regulations whether presently in existence or adopted in the future, and which are mutually agreed upon by the parties. In addition, in the event the legal counsel of either party, in its reasonable opinion, determines that this Agreement or any material provision of this Agreement violates any federal or state law, rule or regulation, the parties shall negotiate in good faith to amend this Agreement or the relevant provision thereof to remedy such violation in a manner that will not be inconsistent with the intent of the parties or such provision. If the parties cannot reach an agreement on such amendment, however, then either party may terminate this Agreement immediately. This section shall survive the termination of this Agreement.

**5.10    Referral Policy.**    Nothing contained in this Agreement shall require, directly or indirectly, explicitly or implicitly, either party to refer or direct any patients to the other party.

**5.11    Assignment.**    This Agreement is not assignable without the other party's prior written consent.

**5.12    Independent Contractor Status.**    In performing their responsibilities pursuant to this Agreement, it is understood and agreed that Pharmacy and its pharmacists and other professionals are at all times acting as independent contractors and that the parties to this Agreement are not partners, joint-venturers, or employees of one another.

**5.13    Non-Waiver.**    No waiver by one of the parties hereto of any failure by the other party to keep or perform any provision, covenant or condition of this Agreement shall be deemed to be a waiver of any preceding or succeeding breach of the same, or any other provision, covenant or condition.

**5.14    Counterparts/Execution.**    This document may be executed in multiple counterparts, each of which when taken together shall constitute but one and the same instrument.  In addition, this Agreement may be executed by facsimile or electronic signature, which shall constitute an original signature.

**5.15    No Third-Party Beneficiaries.**    No provision of this Agreement is intended to benefit any third party, nor shall any person or entity not a party to this Agreement have any right to seek to enforce or recover any right or remedy with respect hereto.

**5.16    Confidentiality.**    Both parties agree to keep this Agreement and its contents confidential and not disclose this Agreement or its contents to any third party, other than its attorneys, accountants, or other engaged third parties, unless required by law, without the written consent of the other party.

IN WITNESS WHEREOF, the parties have hereunto caused their authorized representatives to execute this Agreement as of the date first set forth above.

By: _____

Name: _____

Title: _____

Date: _____

Address: _____


By: _____

Name:    Tony Parker

Title:    TDOC Commissioner

Date:    12/4/17

Address:    320 6th Ave. North, 6th Floor
                   Nashville, TN  37243