IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DAVID EARL MILLER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:18-cv-01234 |
| ) | JUDGE CAMPBELL |
| TONY PARKER, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF MILLER'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Miller ("Miller") has filed a Motion for Temporary Restraining Order enjoining the Defendants from "presenting, and/or giving effect to, the Affidavit Concerning Method of Execution" until the Court rules on his motion for reconsideration (Doc. Entry No. 23) of the Court's previous Memorandum Order (Doc. Entry No. 20.) Miller's motion for temporary restraining order should be denied.

Tennessee Code Ann. § 40-23-114 (a) provides that, for a person who commits an offense for which the sentence is death, the method of carrying out the sentence shall be lethal injection. However, a person who, like Miller, committed an offense prior to January 1, 1999, for which death is the punishment, may elect to be executed by electrocution by signing a written waiver of his right to be executed by lethal injection. Tenn. Code Ann. § 40-23-114 (b). In furtherance of this provision, the Tennessee Department of Correction's (TDOC) Lethal Injection Execution Manual-Execution Procedures for Lethal Injection-Revised July 5, 2018 ("Lethal Injection Procedures") (Attachment 1, p. 13) provides that at least 30 days before an execution the warden

1

will present the inmate with the Affidavit Concerning Method of Execution Form ("Affidavit") (Attachment 1, p. 92.)

Miller's counsel has requested that TDOC not present the Affidavit to Miller directly. And TDOC has honored this request and has not presented and will not present Miller with the Affidavit directly. However, in order to ensure that Miller is given the opportunity to exercise his statutory right to waive execution by lethal injection pursuant to Tenn. Code Ann. § 40-23-114 (b), TDOC served his counsel with the Affidavit on November 6, 2018, (Attachment 2).
In the letter transmitting the Affidavit to Miller's counsel, TDOC requested that Miller make his decision no later than November 20, 2018, so that TDOC could comply with the order of Tennessee Supreme Court (Attachment 3) that it notify Miller of the method of execution it intends to use to carry out his sentence by November 21, 2018. The same order of the Tennessee Supreme Court (Attachment 3) requires TDOC to notify Miller of any decision by TDOC to rely on the Tennessee Capital Punishment Enforcement Act ("Act"), which provides that the method of carrying out a death sentence shall be lethal injection unless lethal injection is held to be unconstitutional (which it has not been) *or* the commissioner of TDOC certifies to the governor that one or more of the ingredients for carrying out a sentence of death by lethal injection is unavailable, in which case the method of execution shall be electrocution. Tenn. Code Ann. § 40-23-114 (e). The commissioner has not and will not so certify, since the ingredients are available.

Thus, the November 20, 2018, deadline in the letter to Miller's counsel is not arbitrary. It was included to allow TDOC to comply with the order of the Tennessee Supreme Court. The TDOC will comply with the Tennessee Supreme Court's order; Warden Mays will notify Miller by November 21, 2018, of the method that TDOC will use to carry out his execution.

In response to the two issues the Court has asked the Defendants to address, Defendants state as follows:

1. There is no statutory deadline for Miller to elect electrocution as the method of his execution under Tenn. Code Ann. § 40-23-114 (b). Defendants, therefore, agree to voluntarily extend Miller's deadline to make his election pursuant to Tenn. Code Ann. § 40-23-114 (b) to 5 p.m., Monday, November 26, 2018.

2.

2. Defendants will be prepared and able to carry out Miller's death sentence by lethal injection according to the Lethal Injection Procedures or by electrocution should he choose to waive his right to execution by lethal injection pursuant to Tenn. Code Ann. § 40-23-114 (b), if Miller's deadline is so extended.

## CONCLUSION

WHEREFORE, this Court should deny Plaintiffs' Motion for Temporary Restraining Order.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

*/s/ Scott C. Sutherland*
SCOTT C. SUTHERLAND
Deputy Attorney General
B.P.R. No. 29013
scott.sutherland@ag.tn.gov

*/s/ Rob Mitchell*
ROB MITCHELL
Assistant Attorney General

                                                       B.P.R. No. 32266
Law Enforcement and
Special Prosecutions Div.
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-7688
Fax (615) 532-3926
robert.mitchell@ag.tn.gov

**CERTIFICATE OF SERVICE**

  I certify that, on the 20th day of November 2018, a copy of the foregoing Response was filed and served by operation of the Court's ECF/PACER system on the following counsel for the Plaintiffs: Stephen M. Kissinger, Asst. Federal Community Defender, 800 S. Gay Street, Suite 2400, Knoxville, TN 37929.

                */s/ Scott C. Sutherland*
                SCOTT C. SUTHERLAND
                Deputy Attorney General