# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID EARL MILLER, et al., | ) | |
| | ) | **CAPITAL CASE** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-01234 |
| | ) | |
| TONY PARKER, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On November 15, 2018, the Court largely denied Plaintiffs' Motion for Temporary Restraining Order And/Or Preliminary Injunction, granting it only with regard to their request that their attorney-witnesses be provided telephone access during their executions. (Doc. No. 20.) Plaintiff Miller has now filed a Motion for Reconsideration of that Order, along with a Memorandum in Support, and a Motion for Temporary Restraining Order pending a ruling on his Motion for Reconsideration. (Doc. Nos. 23–25.) In compliance with the Court's Order, Defendants filed an expeditious Response. (Doc. No. 27.)

"There is no explicit authority in the Federal Rules of Civil Procedure for a motion to reconsider, but courts generally construe such motions as motions to alter or amend pursuant to Fed. R. Civ. P. 59(e)." *Boynton v. Headwaters, Inc.*, 2009 WL 10664878, at *3 (W.D. Tenn. May 13, 2009). Accordingly, the Court applies the standard for reviewing motions brought under Rule 59(e), under which a district court may grant the motion if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). This standard "vests significant discretion in district courts." *Rodriquez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x

949, 959 n.7 (6th Cir. 2004). The movant, however, may not use such motions to re-argue the case or to present evidence that should have been before the court at the time the previous order was entered. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (collecting cases).

In support of his motion to reconsider, Plaintiff Miller alleges "changing circumstances" and "new circumstances" in the form of "[i]nformation recently learned by Plaintiffs" that suggests Defendants do not have the drugs necessary to proceed with Plaintiff Miller's December 6 execution by lethal injection and will instead certify that the ingredients are unavailable and proceed with electrocution pursuant to Tennessee Code Annotated § 40-23-114(e)(2). (Doc. No. 24 at 4–12, 21–22.) Therefore, according to Plaintiff Miller, Defendants' requirement that he make his election between lethal injection and electrocution the day *before* Defendants intend to announce how they plan to execute him, requires him to potentially make a waiver of his rights that is not knowing and voluntary. He argues that those circumstances give rise to a sufficient likelihood of success on the merits of his due process claim to warrant a preliminary injunction. (*Id.*)

Defendants' Response, however, affirmatively states that the lethal injection "ingredients are available," and that they "will be prepared to carry out Miller's death sentence by lethal injection . . . or by electrocution." (Doc. No. 27 at 2–3.) Defendants also voluntarily agree to extend Plaintiff Miller's deadline to make his election until 5 p.m. Monday, November 26, 2018—five full days after the Tennessee Supreme Court has ordered Defendant Mays to notify Plaintiff Miller of the planned method of execution. (*Id.* at 3); *see* Amended Order, *State of Tennessee v. David Earl Miller*, No. E1982-00075-SC-DDT-DD (Tenn. Jul. 10, 2018) ("No later than November 21, 2018, the Warden or his designee shall notify Mr. Miller of the method that the

2

Tennessee Department of Correction (TDOC) will use to carry out the executions and of any decision by the Commissioner or TDOC to rely upon the Capital Punishment Enforcement Act.").

Accordingly, the Court finds that there are, in fact, no "new circumstances" that increase Plaintiff Miller's likelihood of success or otherwise alter the balance of factors relevant to the Court's previous ruling. In all other respects, Plaintiff Miller's motion to reconsider simply reargues issues that the Court already considered in ruling on the Plaintiffs' original motion for preliminary injunction.

Plaintiff Miller's Motion for Reconsideration (Doc. No. 23) is therefore **DENIED**. His Motion for Temporary Restraining Order pending a ruling on the Motion for Reconsideration (Doc. No. 25) is **DENIED** as moot.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE