IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID EARL MILLER, et al., | ) | |
| | ) | **CAPITAL CASE** |
| Plaintiffs, | ) | |
| | ) | No. 3:18-cv-01234 |
| v. | ) | Judge Campbell |
| | ) | |
| TONY PARKER, et al., | ) | *Execution date Dec. 6, 2018* |
| | ) | *for David Miller* |
| Defendants. | ) | |

**REPLY TO DEFENDANTS' SUPPLEMENTAL RESPONSE TO MILLER'S EMERGENCY MOTION FOR DISCLOSURE OF INFORMATION ON METHOD OF EXECUTION**

Miller has requested information related to how Defendants will apply to Miller the July 5th Lethal Injection Protocol and the Electrocution Protocol. (Motion, Doc.31). Defendants have filed a supplemental response that asserts the motion is moot because Miller has submitted an urgent message to the Warden stating, "I waive lethal injection and wish to be electrocution." (Supplemental Response, Doc.35 PageID# 2028; Message from Miller, Doc.35-1 PageID# 2030). The motion is not moot because Defendants have not affirmatively stated they accept Miller's message in lieu of the Affidavit Concerning Execution Method and they have not rescinded the notice to Miller, dated November 21, 2018, indicating they will execute him under the July 5th Lethal Injection Protocol. (Doc.31-1). Accordingly, the circumstances remain the same as when the emergency motion for information was filed and it should be ruled upon in Miller's favor.

The requested information also further supports the causes of action before

the Court. Miller's handwritten submission to Defendant Warden demonstrates the coercion applied to him by Tennessee's July 5th Protocol, thus requiring a full and fair determination on Counts One and Four, as well as a determination on the constitutionality of electrocution (Count Two), before Miller is executed.

Before the Court is Miller's claim that the July 5th Protocol coerces a waiver of constitutional rights that deprives him of challenging the constitutionality of electrocution. (Count Four, Doc.1 PageID# 124). In particular, Miller is forced to request death by electrocution and suffer a waiver of his constitutional rights because the protocol threatens to execute Miller by a lethal injection protocol that violates (a) the *ex post facto* clause, because it imposes a harsher punishment; and, (b) the prohibition against cruel and unusual punishment because: (1) the lethal injection can last up to 20 minutes before the pronouncement of death; (2) inmates may feel pain from the second and third drugs; (3) midazolam does not elicit strong analgesic effects; (4) inmates executed in other States using a midazolam-based lethal injection displayed signs such as grimaces, clenched fists, furrowed brows, and moans indicative that they were feeling pain after the midazolam had been injected; and (5) inmates executed under midazolam based protocols face a certainty of "dreadful and grim" pain. The threat of such unconstitutional action by the state invalidates any waiver of Miller's Eighth Amendment right to challenge electrocution.

Miller's message to the Defendant Warden demonstrates his will was overborne. In capital letters Miller wrote to the warden: "URGENT." (Doc.35-1 PageID# 2031). This urgent message was sent despite the fact that Miller knew: (a)

Defendants had agreed to extend the deadline for electing an execution method to today, November 26th at 5 p.m. central; and, (b) that a motion to further extend that deadline was pending before the Court. The coercion inflicted on Miller renders any waiver of his right to challenge the constitutionality of electrocution involuntary.

In addition to the information previously requested, Miller still requires notice as to the method of execution Defendants intend to use on December 6, 2018. Defendants do not indicate in their supplemental response filed in this Court the method they will use. Defendants' just-filed response in the Sixth Circuit also does not affirmatively state the method of execution that Defendants will use. Accordingly, the Court should order Defendants to inform Miller of the execution protocol that will be used on December 6th.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY: s/Stephen M. Kissinger
Stephen M. Kissinger, BPR # 037082
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
Phone: (865) 637-7979
Facsimile: (865) 637-7999
Stephen_Kissinger@fd.org

*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2018 this Reply to Defendants' Supplemental Response to Miller's Emergency Motion for Disclosure of Information on Method of Execution was filed electronically via the Court's electronic filing system upon the following person. Parties may access this filing through the Court's electronic filing system.

        Scott C. Sutherland
        Deputy Attorney General
        Tennessee Attorney General's Office
        P.O. Box 20207
        Nashville, TN 37202
        (615) 532-7688
        Scott.Sutherland@ag.tn.gov

        Jennifer L. Smith
        Tennessee Attorney General's Office
        P O Box 20207
        Nashville, TN 37202
        (615) 741-3487
        Jennifer.Smith@ag.tn.gov

        Robert W. Mitchell
        Assistant Attorney General
        Tennessee Attorney General's Office
        P O Box 20207
        Nashville, TN 37202-0207
        (615) 532-7688
        Robert.Mitchell@ag.tn.gov

        s/Stephen M. Kissinger
        Stephen M. Kissinger