# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID EARL MILLER, et al., | ) | |
| | ) | **CAPITAL CASE** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-01234 |
| | ) | |
| TONY PARKER, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Miller has filed an Emergency Motion for Immediate Disclosure asking the Court to compel Defendants to produce extensive details about both methods that might be employed in his upcoming execution and to extend the time within which Plaintiff Miller must choose between lethal injection and electrocution. (Doc. No. 31.) The motion suggests that Plaintiff is entitled to the requested information in connection with his coercion claim, because it is "information of the relevant circumstances critical to any informed decision-making process," and because "[i]n order for Mr. Miller to knowingly and intelligently opt for the execution method that will inflict the least amount of pain and suffering, he must be fairly informed about how each method of execution will be applied to him." (*Id.* at 1, 3.) Plaintiff Miller asserts that there is "no proof that Defendants can carry out" his execution pursuant to the State's current lethal injection protocol, and that "Defendants may use expired and degraded drugs" to do so. (*Id.* at 7, 9.) He seeks information ranging from photographs of the drugs to be used in his execution to the chronological execution report completed for the electrocution of Edmund Zagorski earlier this month. (*Id.* at 4–7.)

As an initial matter, the Court is not persuaded that the information Plaintiff Miller seeks is necessary for him to make an informed election between lethal injection and electrocution. Despite not having this information, he has graphically alleged in his complaint and his pending

motion the relevant facts he "believes [ ] to be true" regarding both lethal injection and electrocution. (Doc. No. 31 at 3, 5.) Details such as pharmacy licenses and personnel records are, therefore, unlikely to have any material impact on Miller's decision.

Moreover, for the reasons the Court has already explained, Plaintiffs' coercion claim lacks the merit necessary to warrant emergency relief. (Doc. No. 20 at 9–10.) Plaintiff has not cited any federal case law establishing an independent federal right to obtain the information he seeks, and Sixth Circuit precedent does not support such a theory. *See Phillips v. DeWine*, 841 F.3d 405, 420 (6th Cir. 2016), *cert. denied sub nom. Tibbetts v. DeWine*, 138 S. Ct. 301 (2017) (affirming dismissal of claims that secrecy surrounding lethal injection drugs violated condemned inmates' constitutional rights). Moreover, neither the Tennessee statute providing his right to elect electrocution nor the State's execution protocols require the disclosure of information to the level of detail he demands. *See* Tenn. Code Ann. § 40-23-114; Doc. Nos. 1-2, 33-1. Plaintiff Miller's speculation[1] that Defendants are unable to acquire the drugs necessary to proceed with a lethal injection on December 6 is outweighed by Defendants' affirmative statements that the ingredients are available and that they will be prepared and able to carry out his execution on that date regardless of which method he chooses. (*See* Doc. No. 27 at 2–3.) And importantly, Plaintiff Miller has not established any justification for any ***emergency*** relief in connection with requesting documents for an execution that was scheduled in January 2018, a protocol last updated in July 2018, and an election statute that was last amended twenty years ago. These reasons alone dictate

---

[1] In his only real effort to support this theory, Plaintiff Miller alleges that the Tennessee Department of Correction's "General Counsel has repeatedly indicated that Defendants do not have an inventory of lethal injection drugs and/or the drugs that will be used for Mr. Miller's execution" and cites two documents purporting to support that allegation. (Doc. No. 31 at 8.) Those documents do not contain any indications from General Counsel at all, but are merely record requests submitted to Defendants by counsel. (Doc. Nos. 24-1, 24-2.) Plaintiff's allegation is thus either not properly supported or objectively false.

2

Case 3:18-cv-01234   Document 37   Filed 11/26/18   Page 2 of 3 PageID #: 2037

the denial of Plaintiffs' motion.

Moreover, Defendants today have filed a supplemental response to Plaintiffs' motion, to which they attach Plaintiff Miller's handwritten waiver of lethal injection and election of electrocution, dated November 23, 2018. (Doc. Nos. 35, 35-1.) Defendants correctly assert that this waiver, if valid, renders the pending emergency motion moot. (Doc. No. 35 at 2.) This alternative basis also supports denial of the motion.

Accordingly, Plaintiffs' pending motion (Doc. No. 31) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE