IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRY LYNN KING, | ) | |
| | ) | **CAPITAL CASE** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  3:18-cv-01234 |
| | ) | |
| TONY PARKER, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

**ORDER SETTING SCHEDULE AND TRIAL**

**A. INITIAL DISCLOSURES**

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 30 days of entry of this Order.

**B. DISCOVERY**

The parties shall complete all written discovery and depose all fact witnesses on or before April 1, 2020.  Written discovery should proceed promptly and shall be served no later than December 1, 2019.  Discovery is not stayed during the pendency of dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s).  Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Court by a request for a discovery conference.  It will be within the Court's discretion whether to allow for the filing of discovery-related motions.  All discovery motions shall be filed no later than March 1, 2020.  In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which

describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01 but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

### C. MOTIONS TO AMEND OR ADD PARTIES

Any motions to amend or to add parties shall be filed no later than December 2, 2019. Any motion to amend must be accompanied by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed.

### D. DISCLOSURE OF EXPERTS

Plaintiff shall identify and disclose all expert witnesses and expert reports on or before May 15, 2020. Defendants shall identify and disclose all expert witnesses and reports on or before June 12, 2020. Rebuttal experts shall be permitted only by leave of Court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.c). Expert depositions shall be completed by August 14, 2020.

### E. DISPOSITIVE MOTIONS

Dispositive motions shall be filed by no later than September 11, 2020. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 45 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 10 pages.

### F. ELECTRONIC DISCOVERY

Unless the parties submit an agreed stipulation otherwise, Administrative Order No. 174-1 will apply.

### G. MODIFICATION OF SCHEDULING ORDER

Any motion to modify the deadlines herein shall be filed at least 7 days before the earliest impacted deadline. Any unilateral motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification with opposing counsel and state whether the motion is opposed. The motion must also include: (1) the trial date and all deadlines, and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days before the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

### H. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of

Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the priority of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reason may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

## I. TRIAL DATE AND PRETRIAL CONFERENCE

This case is set for a bench trial on January 26, 2021, beginning at 9:00 a.m. in Courtroom A-826, United States Courthouse, 801 Broadway, Nashville, Tennessee. Counsel for the parties shall appear for a Pretrial Conference on January 13, 2021, at 1:30 p.m. All lawyers who will participate in the trial must attend the Pretrial Conference.

Counsel shall be prepared, at the Pretrial Conference, to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) preview proposed testimony;

(4) discuss expert testimony;

(5) preview proposed exhibits;

(6) discuss motions in limine;

(7) discuss settlement; and

(8) discuss proposed findings of fact and conclusions of law and pretrial briefs.

## J. PRETRIAL EXCHANGE OF INFORMATION

By December 30, 2020, the parties shall exchange copies of exhibits and make available for examination by any opposing party the original of all exhibits. The authenticity of exhibits should be stipulated to if at all possible. By the same date, the parties shall exchange designations of portions of depositions that are to be read into evidence during the trial, in accordance with the procedure set forth in Local Rule of Court 39.01(c)(4). The parties should attempt to agree on additions to the designations necessary to put responses into context.

## K. PRETRIAL FILING DEADLINES

Counsel shall file a Joint Proposed Pretrial Order with the Court by January 6, 2021. The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the issues; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also file with the Court, by January 6, 2021, witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3); exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3); and any stipulations.

## L. MOTIONS IN LIMINE AND OBJECTIONS TO EXPERTS

By December 30, 2020, the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motions shall be filed by January 6, 2021.

All pretrial requirements and deadlines set forth in the Local Rules of Court remain in effect unless specifically addressed above.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE