IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **TERRY LYNN KING,** | ) | |
| | ) | **CAPITAL CASE** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **NO. 3:18-cv-01234** |
| | ) | |
| **TONY PARKER, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on Defendants' motion to reconsider the recent Order granting in part and denying in part both Plaintiff's motion to compel and Defendants' motion for a protective order. (Doc. No. 110.)

Defendants argue that there are only two distinct types of challenges to a method of execution: (1) facial challenges, which turn on the execution protocol as written and to which other practical details—like the participants' actual practice in preparing for and carrying out an execution—are irrelevant; and (2) "as-applied" challenges, which turn on the unique characteristics of a plaintiff. (*Id.* at 4.) According to Defendants, this means that information sought about the training and experience of execution team members and about the preparations and procedures actually followed in past executions can effectively never be relevant or discoverable in a method-of-execution case.

The problem with Defendants' position is that it would leave no path forward for allegations that prison officials routinely handle the preparation and execution of a lethal injection in a way that poses a substantial and avoidable risk of significant of harm, either in violation of the written protocol or with regard to matters not sufficiently addressed by the protocol. They

acknowledge in a footnote that a "pattern of recklessness" by prison officials in past executions "might be constitutionally cognizable," but conclude—without any discussion—that "Plaintiff's allegations do not meet these standards." (*Id.* at 5 n.1.) They do not even identify the pertinent allegations.

Plaintiff alleges a number of facts about Defendants' actual practices in his Amended Complaint. He alleges that the execution team is not trained in the proper use and intravenous injection of compounded drugs and does not have substantial experience in injection of doses in the volume required by the protocol. (Doc. No. 51 at 112.) He alleges that Defendants have not prepared for the likelihood of an inmate's experiencing a paradoxical effect from midazolam during the execution. (*Id.* at 123-24.) He alleges that Defendants failed to prepare a second dose of midazolam as required by the protocol during a recent execution. (*Id.* at 125.) He alleges that Defendants have failed to ensure proper inventories of execution drugs and have stored expired execution drugs at the prison. (*Id.* at 125.) He alleges that Defendants failed to maintain records ensuring the safe transportation and storage of the drugs used in a previous execution. (*Id.* at 126.) And he alleges that the execution team has injected execution drugs during practice sessions and a previous execution at such a rapid rate that it increases the risk of painful complications. (*Id.* at 128.) Plaintiff alleges that all of these facts are either contrary to or simply not addressed by the written protocol and that they all contribute to a risk of avoidable harm during the execution. In the absence of any substantive argument otherwise from Defendants, those allegations warrant further development.

Defendants' motion to reconsider does not rely on an intervening change in law or new evidence. Therefore, reconsideration would only be warranted if it is necessary "to correct a clear error or prevent manifest injustice." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89

2

F. App'x 949, 959 (6th Cir. 2004). Defendants do not persuade the Court that such injustice is present in this case.

Accordingly, for the reasons set forth above and in the Court's previous Memorandum (Doc. No. 107), Defendants' motion (Doc. No. 110) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE