IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **TERRY LYNN KING,** | ) |
| | ) |
|     **Plaintiff,** | )     **CAPITAL CASE** |
| | ) |
| **v.** | )     Case No. 3:18-cv-01234 |
| | ) |
| **TONY PARKER, et al.,** | )     JUDGE CAMPBELL |
| | ) |
|     **Defendants.** | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO EXTEND THE DEADLINE FOR
HIS RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff asks this Court to double the time for his response to Defendants' Motion for Summary Judgment (D.E. 190), which is currently due on March 30, 2022. (D.E. 125, PageID# 5180.) Plaintiff incorrectly contends that the current Scheduling Order was proposed by prior counsel "inadvertently" and that the scheduling for dispositive motions was an "oversight." (D.E. 190, PageID# 11392 ¶ 8.) Plaintiff also contends the length of Defendants' Memorandum in support of their Motion for Summary Judgment warrants more time for a response. Plaintiff's motion should be denied because there is no good cause to modify the Scheduling Order.

**BACKGROUND**

Plaintiff filed his first complaint in this case in 2018. (D.E. 1.) At that time, Plaintiff was represented by the Federal Defender Services of Eastern Tennessee. (D.E. 1, PageID# 131.) Almost three years later, attorneys from the Federal Community Defender Office for the Eastern District of Pennsylvania were substituted as counsel for Plaintiff and sought a modification of the

operative Scheduling Order.[1] (D.E. 121, 122, 123.) This Court granted the request of Plaintiff's new counsel, and adopted Plaintiff's proposed deadlines, which included: "Dispositive motions must be filed by March 16, 2022. Responses to dispositive motions shall be filed within 14 days after the filing of the motion. Optional replies may be filed 7 days after the filing of the response." (D.E. 125, PageID#5180; *see* D.E. 123, PageID# 5172.) At Plaintiff's request, this Court has subsequently modified the Scheduling Order three times to extend discovery deadlines, with no changes to the deadlines for dispositive motions. (D.E. 143, 151, 188.) Following the schedule set nearly a year ago, Defendants filed their Motion for Summary Judgment on March 16, 2022. (D.E. 182.) Plaintiff now seeks an extension of his time to respond. (D.E. 190.)

## LEGAL STANDARD

Upon motion of a party before expiration of time, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1)(A); *see* Local Rule 6.01(a). "A scheduling order may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). A court "is not required to grant such a request." *Dunlap v. Sevier County, Tennessee*, No. 20-6216, 2021 WL 3123914, at *5 (6th Cir. July 23, 2021). "'The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Prewitt v. Hamline University*, 764 Fed. App'x 524, 530 (6th Cir. 2019) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). "A court should

---

[1] Plaintiff erroneously asserts in his motion that the Court adopted a Scheduling Order proposed by prior counsel, which Plaintiff believes contained an "inadvertent error." (D.E. 190, PageID# 11390-91.) But the proposed order setting the current deadlines for dispositive motions was in fact submitted by current counsel for Plaintiff, as clearly noted in the adopted Scheduling Order. (D.E. 123, 125.) Counsel for Defendants informed counsel for Plaintiff of this fact when conferring about the present motion. Exhibit 1 (emails between counsel).

also consider whether the non-moving party is prejudiced by the proposed modification of a scheduling order." *Id*.

## ARGUMENT

Defendants worked diligently to prepare their motion for summary judgment in accordance with the longstanding Scheduling Order. As cause for an extension of his time to respond, Plaintiff now claims that the schedule already followed by Defendants was entered inadvertently by prior counsel and leaves too small a window to respond. (D.E. 190, PageID# 11392.) But the current deadlines were proposed by *current counsel* for Plaintiff, who has failed to correct any "inadvertent error" in multiple subsequent scheduling orders. (D.E. 123.) Plaintiff is currently represented by eleven experienced attorneys, and there is only one claim at issue. Accordingly, the length of a motion for summary judgment is not "good cause" to extend a deadline requested by Plaintiff nearly a year ago.

Plaintiff repeatedly asserts that prior counsel was responsible for inadvertently shortening the previously-allotted time for responding to dispositive motions. (D.E. 190, PageID# 11391-92.) But the record clearly reflects that Plaintiff's current counsel filed the proposed order resulting in the current briefing timeline (D.E. 123, 125,) and one of Plaintiff's subsequent motions to amend the scheduling order states the 14-day window to respond to dispositive motions. (D.E. 137, PageID# 5248), as does the joint motion to amend the scheduling order filed less than two months ago. (D.E. 169, PageID# 5481.)

Plaintiff speculates about the reason the time for responding may have been altered from the previous Scheduling Order. (D.E. 190, PageID# 11392.) But regardless of the reason for the change, both parties have known for nearly a year that they would have 14 days to respond to a dispositive motion. (D.E. 125.) While this deadline is shorter than the default deadline, Local

Rule 7.01(a)(3), the Scheduling Order imposed the same burden on both parties to marshal their evidence and prepare a response in a timely manner. The deadlines also expired "sufficiently in advance of the target trial date to allow for briefing and resolution of the dispositive motions in advance of trial." Local Rule 16.01(h)(1). Only now that Defendants have moved for summary judgment does Plaintiff complain that the 14-day response deadline is prejudicial. But it is Defendants—who have diligently labored under the current Scheduling Order in anticipation of the 14- and 7-day deadlines—that would be prejudiced by this late revision to the Scheduling Order. Any delay in Plaintiff's response will necessarily delay this Court's ability to review and rule upon the motion—indeed, the proposed extensions would not result in briefing closing until April 27, 2022. This gives the Court only 98 days to rule on the dispositive motion before trial. Thus, Defendants will be forced to prepare for a trial even though the Court may ultimately rule in their favor. The sooner Defendants have a clear ruling on this motion, the sooner they will know whether preparation for trial is a waste of resources.

Plaintiff protests that the memorandum and exhibits are lengthy, but Plaintiff does show why he was unable to prepare for his response before Defendants filed their motion,. (D.E. 190, PageID# 11391.) Plaintiff filed the operative complaint in this case over two years ago. (D.E. 51.) The legal framework for assessing Plaintiff's challenge to a state's execution protocol has been established since long before the filing of this action. *See Glossip v. Gross*, 576 U.S. 863, 877-78 (2015). And it has been routinely employed by inmates both in Tennessee, *see Abdur'Rahman v. Parker*, 558 S.W.3d 606, 614-17 (Tenn. 2018), and across the country, *see, e.g., In re Ohio Execution Protocol Litigation*, 946 F.3d 287, 289-92 (6th Cir. 2019); *Glossip v. Chandler*, __ F.3d __, No. CIV-14-0665, 2021 WL 3561229, at *3-4 (W.D. Okla. Aug. 11, 2021), *vacated in part by Glossip v. Chandler*, No. CIV-14-0665, 2021 WL 4760383 (W.D. Okla. Oct.

12, 2021). Thus, Plaintiff had adequate opportunity to anticipate Defendants' arguments and consider how he might respond to them. *See Gardenance v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 449 (M.D.N.C. 2005) (affirming magistrate judge's denial of extension of time to file response to summary judgment motion when only grounds for extension were (1) the number of issues to address, (2) the time needed to assemble evidence and exhibits, and (3) the complex and fact-intensive nature of the issues). Because Plaintiff has not established good cause for doubling the time to file his response, the motion should be denied.

## CONCLUSION

For the reasons stated, Plaintiff's motion should be denied.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ *Rob Mitchell*
ROB MITCHELL (32266)
Senior Assistant Attorney General
SCOTT C. SUTHERLAND (29013)
Deputy Attorney General
MIRANDA JONES (36070)
MALLORY SCHILLER (36191)
CODY N. BRANDON (037504)
DEAN S. ATYIA (039683)
Assistant Attorneys General
Law Enforcement and
Special Prosecutions Div.
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-6023
Fax (615) 532-4892

Robert.Mitchell@ag.tn.gov
Scott.Sutherland@ag.tn.gov
Miranda.Jones@ag.tn.gov
Mallory.Schiller@ag.tn.gov
Cody.Brandon@ag.tn.gov
Dean.Atyia@ag.tn.gov

## CERTIFICATE OF SERVICE

I certify that on March 23, 2022, a copy of the foregoing was filed and served via the Court's CM/ECF system on the following:

Alex Kursman
Lynne Leonard
Anastassia Baldridge
Hayden Nelson-Major
Assistant Federal Defenders
Federal Community Defender for the E.D. Penn.
Suite 545 West, The Curtis
601 Walnut St.
Philadelphia, PA 19106
(215) 928-0520
alex_kursman@fd.org
lynne_leonard@fd.org
ana_baldridge@fd.org
hayden_nelson-major@fd.org

David Esquivel
Sarah Miller
Jeremy Gunn
Michael Tackeff

Bass, Berry & Sims 150 Third Ave. South
Nashville, TN 37201
(615) 742-6200
desquivel@bassberry.com
smiller@bassberry.com
jeremy.gunn@bassberry.com
michael.tackeff@bassberry.com

Alice Haston
Amy Rao Mohan
Christopher C. Sabis
Sherrard Roe Voight & Harbison, PLC
150 Third Ave. South
Suite 1100
Nashville, TN 37201
(615) 742-4539
ahaston@srvhlaw.com
amohan@srvhlaw.com
csabis@srvhlaw.com

      s/ *Rob Mitchell*
      ROB MITCHELL