# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **TERRY LYNN KING,** ) | |
| ) | |
|     **Plaintiff,** ) | **CAPITAL CASE** |
| ) | |
| **v.** ) | **Case No. 3:18-cv-01234** |
| ) | **Judge William L. Campbell, Jr.** |
| **TONY PARKER, et al.,** ) | **Magistrate Judge Jeffrey S. Frensley** |
| ) | |
|     **Defendants.** ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITIONAL DISCOVERY AND SANCTIONS

Defendants Tony Parker[1] and Tony Mays submit this response in opposition to Plaintiff's motion for additional discovery and sanctions. (D.E. 179.)

### INTRODUCTION

The Tennessee Department of Correction ("TDOC") is responsible for carrying out the execution of inmates sentenced to death. This responsibility is ongoing: Tennessee currently has five executions scheduled before the end of this year. In this litigation, Defendants have produced over 11,000 pages of documents related to their responsibilities in carrying out executions, and will produce any additional documents that are subsequently created as a result of the State's ongoing responsibility to administer executions. Defendants have diligently searched for

---

[1] Tony C. Parker recently retired as Commissioner of the Tennessee Department of Correction, and Lisa Helton is currently the Interim Commissioner. *See* TN.gov, Gov. Lee Appoints Lisa Helton as Tennessee Department of Correction Interim Commissioner, https://www.tn.gov/governor/news/2021/11/29/gov--lee-appoints-lisa-helton-as-tennessee-department-of-correction-interim-commissioner.html.

documents and electronically-stored information, and produced that information pursuant to their discovery obligations. Defendants continue to conduct searches if any additional documents are generated in the course of TDOC's daily operations with regard to administering executions.

Despite these efforts and their verifiable results, Plaintiff remains dissatisfied. With each supplement, Defendants are confronted with belated attempts to enlarge the scope of discovery, to probe into meta-discovery (discovery about Defendants' retention, preservation, and production), and accusations that they have not acted reasonably or in good faith.

Plaintiff now files a "Motion for Additional Discovery and Sanctions" the day of the dispositive motion deadline. (D.E. 179.) But, despite citing Fed. R. Civ. P. 37(b)(2), Plaintiff has not identified a single instance of Defendants' "fail[ure] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Instead, Plaintiff takes issue with the methods Defendants employed in identifying and producing relevant documents. In reality, Plaintiff's motion seeks to *compel* discovery about discovery and compel additional discovery based on Defendants' supplemental productions. This mischaracterized motion to compel discovery is brought without the required certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," Fed. R. Civ. P. 37(a)(1). The motion should be denied.

## BACKGROUND

Plaintiff filed this lawsuit on November 2, 2018. After significant motion practice and seven amendments to the scheduling order (D.E. 63, 114, 125, 143, 151, 188, 192), the sole claim in this case is Count Three, in which Plaintiff attacks Tennessee's current three-drug Protocol on

its face,[2] claiming it violates the Eighth Amendment as applied to the States through the Fourteenth Amendment. *See* D.E. 51, PageID# 2211; *Glossip v. Gross*, 576 U.S. 863, 876 (2015). Plaintiff claims that "even if every step set forth in the Protocol is followed perfectly, there is a substantial risk [he] will experience unnecessary pain and suffering during [his execution] which is substantially greater than the pain and suffering caused by feasible and readily available methods of carrying out . . . sentences of death." (D.E. 51, PageID# 2243.) Plaintiff further alleges that the Protocol is facially unconstitutional because it poses a risk of maladministration that may result in unconstitutional pain. (D.E. 51, PageID# 2251-2268 ¶¶ 579-655.)

In July, 2020 the Court entered a protective order and contemporaneously denied Plaintiff's motion to compel additional responses to five requests for production and five interrogatories asking for communications and documents between TDOC and the Pharmacy.[3] (D.E. 108; D.E.

---

[2] The Amended Complaint as a whole challenges the Protocol "on its face and as applied" (D.E. 51, PageID# 2142), but Plaintiff has since clarified that the only claim remining in this case is a facial challenge (DSUMF ¶¶ 9, 183).

[3] For context, here are the first two interrogatories, which were accompanied by corresponding requests for production:

> Describe in full and complete detail every communication from and after January 1, 2017, between [REDACTED], Debbie Inglis, any defendant in this action and/or any agent or employee of the Department or the State and [REDACTED] Pharmacy. A full and complete description includes, but is not limited to: (a) the date on which such communication occurred; (b) the names of all persons present during such communications; (c) the name, address and telephone number of the person authorized to receive service of process on behalf of each person present; and, (d) a full and complete description of the substance of such communications.

> Describe in full and complete detail each and every transaction from and after January 1, 2017, between the State and/or the Department and [REDACTED] Pharmacy. Such description includes, but is not limited to: (a) the dates of such transaction; (b) the names of all persons executing any and all legal documents related to the creation, maintenance, or renewal of any such transaction; all payments provided pursuant to any such transaction and the dates on which such

107, PageID# 5101, 5109-5112.) Defendants relied on this order as shielding from discovery all communications and documents between any employee of TDOC and the Pharmacy that provides lethal injection chemicals. Because these broadly written requests were denied, Defendants believed this underlying material to be protected from disclosure.

Then the Magistrate Judge entered the January 25, 2022 Order (D.E. 167), which characterized Defendants' interpretation of the protective order as "erroneous." (D.E. 167, PageID# 5475.) After this order was entered, Defendants explained that they would conduct a supplemental search based on order's interpretation of the protective order. (D.E. 170.) And, in her February 14, 2022 Declaration, Debbie Inglis, in-house counsel for TDOC, explained that (1) after entry of the protective order, Defendants had nonetheless turned over 107 pages of documents and communications between TDOC and the pharmacy in the fall of 2021 (D.E. 174, PageID# 5529); and (2) TDOC conducted a supplemental search after the January 25 Order. (*Id*.)

On February 23, 2022, the Court entered an order finding Plaintiff's objections to the January 25, 2022 Order moot. (D.E .178.) As the Court stated, Plaintiff asked the Defendants to supplement their privilege log and to confirm they have produced all responsive documents, and Defendants did so. (D.E. 178, PageID# 5550-51.) The Court also stated there was no need for the Court to "decide whether the Magistrate Judge should have ordered Defendants to produce a list of search terms and custodians and a description of document production efforts because Defendants have, in fact, produced precisely that information." (D.E. 178, PageID# 5552.) Likewise, the Court said there was no "need to consider Plaintiff's argument that the Magistrate

---

payments were provided; and, (c) all services and/or tangible objects provided pursuant to such transaction and the dates on which they were provided.

D.E. 107, PageID# 5101.

Judge should have ordered Defendants to supplement the privilege log and discovery production. It is evident that his Order had the desired effect." (*Id.*)

And yet, just weeks later Plaintiff seeks (1) for new search terms to be run on electronically stored information; (2) to re-depose Debbie Inglis, whom he deposed in October; and (3) monetary sanctions. (D.E. 179.)

## LEGAL STANDARD

If a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). "Rule 37(b)(2) of the Federal Rules of Civil Procedure provides certain sanctions that the Court may impost when a party has failed to obey a discovery order." *S. Pharmacy Consultants, LLC v. Smart Fill Mgmt. Grp., Inc.*, No. 3:13-CV-1100, 2015 WL 5680011, at *1 (M.D. Tenn. Sept. 25, 2015). If a party disobeys a court order requiring discovery, courts determine an appropriate sanction by considering: (1) whether the disobedience is due to willfulness, bad faith, or fault; (2) whether the adversary has been prejudiced; (3) whether the disobedient party was warned that failure to follow an order could lead to a sanction; and (4) whether less drastic sanctions have been previously considered or imposed. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

Every discovery response must be signed by an attorney certifying "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the discovery response is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needless increase the cost of litigation; and

> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B). "If a certification violates this rule without substantial justification," the court must impose sanctions. Fed. R. Civ. P. 26(g)(3). An attorney's signature certifies that a discovery response was complete and accurate after a reasonable inquiry; an objective standard is used to determine if a certification is reasonable. *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 703 (D.N.J. 2015). "The rule simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." Fed. R. Civ. P. 26(g), comments to 1983 Amendments. "The standard for determining whether to impose sanctions under Rule 26(g)(3) 'is the same objective standard that applies to determination under Rule 11.'" *HLFIP Holdings, Inc. v. Rutherford County*, No. 3:19-cv-00714, 2020 WL 6481535, at *7 (M.D. Tenn. May 27, 2020) (quoting *Allen v. Wyndham Worldwide Operations, Inc.*, No. 3:18-cv-259, 2019 WL 2130149, at *5 (E.D. Tenn. May 15, 2019)). "Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances." Fed. R. Civ. P. 26(g), comments to 1983 Amendments.

## ARGUMENT

### I. Defendants Have Complied with This Court's Orders.

Plaintiff fails to identify any order of this Court that Defendants have disobeyed. Because violation of a Court order is a prerequisite for sanctions under Rule 37(b)(2)(A), Plaintiff's motion clearly fails to state any basis for sanctions. Instead, Plaintiff appears to seek relief, without stating so, under Rule 37(a)(1). But Plaintiff explicitly admits he has not satisfied the consultation requirements of Rule 37(a)(1). (D.E. 180, PageID# 5574.) Thus, Plaintiff is not entitled to any relief under Rule 37.

Very plainly, "Rule 37(b)(2)(A) provides discretionary sanctions *if a party fails to obey a discovery order*." *Metron Nutraceuticals, LLC v. Cook*, No. 1:20-cv-01803, 2021 WL 2946157, at *2 (N.D. Ohio July 14, 2021) (emphasis added). Where no discovery order is disobeyed, sanctions under Rule 37(b)(2)(A) are inappropriate.

Here, Plaintiff fails to identify any violation of a court order by Defendants. Defendants complied with the Court's order permitting more than ten (10) depositions (D.E. 136, 143), as well as the Court's order that Commissioner Parker sit for another deposition after the Court rejected his invocation of the deliberative process privilege. (D.E. D.E. 150, 152, 155, 156.) Defendants filed a declaration of Debbie Inglis in response to the Court's January 25, 2022 Order (D.E. 174, 167). Defendants then filed a notice a week later that they had provided supplemental discovery. (D.E. 176.)

None of Plaintiff's protests involve violation of a court order. First, Plaintiff is seeking new search terms to be run on electronically stored information. (D.E. 179.) But the Court already ruled on this issue, stating there was no need for the Court to "decide whether the Magistrate Judge should have ordered Defendants to produce a list of search terms and custodians and a description of document production efforts because Defendants have, in fact, produced precisely that information." (D.E. 178, PageID# 5552.) The Court also said there was no "need to consider Plaintiff's argument that the Magistrate Judge should have ordered Defendants to supplement the privilege log and discovery production. It is evident that his Order had the desired effect." (*Id*.)

Second, although Plaintiff already deposed Ms. Inglis in October, he now seeks to re-depose her. (D.E. 179.) This is a new discovery dispute that had not previously been litigated before this Court. Presumably, Plaintiff seeks to depose Ms. Inglis about discovery methodology—something Plaintiff could have asked Ms. Inglis about during her October

deposition. This discovery about discovery would occur long after the October 22, 2022 deadline and should be denied for that reason. Furthermore, Plaintiff has not provided a justification for re-deposing Ms. Inglis that is related to any violation of a Court order, under Rule 37(b)(2)(A).

Plaintiff is simply seeking relief under Rule 37(a)(1) that Plaintiff did not seek earlier in this case. Plaintiff's requested relief belies his intention to compel discovery while circumventing the usual discovery dispute process. (*See* D.E. 180, PageID# 5570-71 (requesting additional time to depose Debra Inglis and additional searches for ESI)). Both Rule 37 and the Local Rules require a party to make good faith attempts to resolve a discovery dispute before seeking court intervention. Fed. R. Civ. P. 37(a)(1); Local Rule 37.01. Parties may not "side-step Rule 37's requirement that a party seek an order to compel discovery prior to seeking sanctions." *Maloney v. Disciples Ltd., LLC*, No. 3:08-mc-0255, 2009 WL 2176669, at *1 (M.D. Tenn. July 21, 2009). Nor may parties skip to a motion for sanctions before making a good faith attempt to resolve the issues with the opposing party. *See Nill v. Property Management Pros.com Licensing LLC*, No. 3-12-0583, 2013 WL 12191841, at *1-3 (M.D. Tenn. July 19, 2013) (holding that "nuclear option" of sanctions "would be patently unjust" when movant had failed to engage in any attempt to resolve a perceived discovery violation out of court). Plaintiff admits that he has not satisfied this explicit prerequisite for an order compelling discovery. (D.E. 180, PageID# 5574.)

Indeed, Plaintiff failed to satisfy even the basic conference requirement of Local Rule 7.01(a)(1). That Rule requires that "all motions, except motions under Rule 12, 56, 59, or 60, but including discovery motions, must state that counsel for the moving party has conferred with all other counsel, and whether or not the relief requested in the motion is opposed." Local Rule 7.01(a)(1). Plaintiff asserts that previous conferrals satisfy LR7.01(a)(1). (D.E. 180, PageID#

5574.) That is incorrect. As stated above, those issues were resolved through the Court's February 23, 2022 Order. (D.E. 178.)

Plaintiff has failed to identify a court order violated by Defendants or to satisfy the conference requirements of the Federal and Local Rules. There is, accordingly, no basis for relief under Rule 37.

## II. Defendants Made a Reasonable Inquiry Calculated to Produce Relevant, Unprotected Information.

Defendants have produced over 11,000 pages of documents to Plaintiff after undertaking reasonable efforts to inquire about and collect relevant information requested by Plaintiff. Sixteen different TDOC employees-agents have been deposed, including TDOC itself. There is no evidence that Defendants' discovery responses, productions, and objections were frivolous or interposed for an improper purpose. There is no basis for sanctions under Fed. R. Civ. P. 26(g).

"To be adequate under the Federal Rules, a search in response to a discovery request must be reasonable." *Prasad v. George Washington University*, 323 F.R.D. 88, 93 (D.D.C. 2017); *Agerbrink v. Model Service LLC*, No. 14 Civ. 7841, 2017 WL 933095, at *5 (S.D.N.Y. Mar. 8, 2017) ("The standard for evaluating discovery is reasonableness, not perfection."). "Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." The Sedona Conference, *The Sedona Principles, Third Ed.: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 118 (2018). This principle "is premised on each party fulfilling its discovery obligations without direction from the court or opposing counsel, and eschew[s] 'discovery on discovery.'" *Id.* What is more, General Counsel for TDOC has now twice explained in detail methods used to collect discovery in this case. (D.E.

163-8, 174.) On top of this, Plaintiff deposed Ms. Inglis in October 2021. (D.E. 163-7.) Plaintiff has had both opportunity and insight into Defendants' search methodology.

Defendants have identified TDOC's method for collecting relevant materials and retooled their search to comply with the Court's orders and to attempt to accommodate Plaintiff's concerns. *Cf. Prasad*, 323 F.R.D. at 93 (holding that defendant accomplished a reasonable search when it "repeatedly expanded its search in response to concerns of Plaintiff and the Court" despite the fact that "it originally placed a rather crabbed construction on these discovery requests"). And prior to entry of the January 25, 2022, Defendants reasonably, and in good faith, relied on the Court's memorandum opinion on both the protective order and Plaintiff's motion to compel discovery as shielding from discovery communications and documents between any employee of TDOC and the Pharmacy that provides lethal injection chemicals. Though, as mentioned above, Defendants had not produced all such documents, Defendants had still produced a number that were used in the depositions of the Pharmacist, former Pharmacy owner, Drug Procurer, Executioner, and others. Nonetheless, as explained in Ms. Inglis' affidavit, after the January 25, 2022 Order was entered, Defendants conducted a supplemental search targeted at such documents. (D.E. 174, PageID# 5529.)

Defendants' ongoing supplemental productions should not be a basis to keep disputing discovery, especially now that the dispositive motion deadline has passed. Plaintiff has had more than enough insight into Defendants' discovery efforts, particularly in proportion to the needs of the case given the claims asserted focus primarily on whether the protocol, as written, poses a risk of harm and whether there are alternatives that Plaintiff can prove are available.

## CONCLUSION

For the reasons stated, Plaintiff's motion for sanctions should be denied.

10
Case 3:18-cv-01234    Document 193    Filed 03/30/22    Page 10 of 12 PageID #: 11414

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ *Rob Mitchell*
ROB MITCHELL (32266)
Senior Assistant Attorney General
SCOTT C. SUTHERLAND (29013)
Deputy Attorney General
MIRANDA JONES (36070)
MALLORY SCHILLER (36191)
CODY N. BRANDON (037504)
DEAN S. ATYIA (039683)
Assistant Attorneys General
Law Enforcement and
Special Prosecutions Div.
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-6023
Fax (615) 532-4892

Robert.Mitchell@ag.tn.gov
Scott.Sutherland@ag.tn.gov
Miranda.Jones@ag.tn.gov
Mallory.Schiller@ag.tn.gov
Cody.Brandon@ag.tn.gov
Dean.Atyia@ag.tn.gov

## CERTIFICATE OF SERVICE

I certify that on March 30, 2022, a copy of the foregoing was filed and served via the Court's CM/ECF system on the following:

Alex Kursman
Lynne Leonard
Anastassia Baldridge
Hayden Nelson-Major
Assistant Federal Defenders
Federal Community Defender for the E.D. Penn.
Suite 545 West, The Curtis
601 Walnut St.
Philadelphia, PA 19106
(215) 928-0520
alex_kursman@fd.org
lynne_leonard@fd.org
ana_baldridge@fd.org
hayden_nelson-major@fd.org

David Esquivel
Sarah Miller
Jeremy Gunn
Michael Tackeff

Bass, Berry & Sims 150 Third Ave. South
Nashville, TN 37201
(615) 742-6200
desquivel@bassberry.com
smiller@bassberry.com
jeremy.gunn@bassberry.com
michael.tackeff@bassberry.com

Alice Haston
Amy Rao Mohan
Christopher C. Sabis
Sherrard Roe Voight & Harbison, PLC
150 Third Ave. South
Suite 1100
Nashville, TN 37201
(615) 742-4539
ahaston@srvhlaw.com
amohan@srvhlaw.com
csabis@srvhlaw.com

                                          s/ *Rob Mitchell*
                                          ROB MITCHELL

12
Case 3:18-cv-01234   Document 193   Filed 03/30/22   Page 12 of 12 PageID #: 11416