UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRY LYNN KING, | ) | |
|     Plaintiff, | ) | Civil Action No. 3:18-cv-01234 |
| | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| TONY PARKER, et al., | ) | Judge William L. Campbell, Jr. |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S MOTION TO SUPPLEMENT EXPERT REPORT
OF DR. MICHAELA ALMGREN**

Pursuant to Federal Rule of Civil Procedure 26(e), Local Rule 39.01(c)(5)(C), and the Order Setting Schedule and Trial (D.E. 82), Plaintiff Terry King respectfully submits this request to supplement the report of Dr. Michaela Almgren, one of his retained experts on pharmaceutical issues. Defendants made several document productions after the discovery deadline, and Dr. Almgren has written two supplemental reports to account for the new information. Plaintiff requests leave to supplement the initial report before the Court's ruling on Defendants' Motion for Summary Judgment. In support of this motion, Plaintiff states as follows:

Fact discovery closed on October 22, 2021. (D.E. 151.) The scheduling order required Plaintiff to disclose expert reports on November 21, 2021, and that expert depositions be completed by February 4, 2022. (DN 169, 188.) Dr. Almgren timely submitted her initial expert report on November 21, 2021. In the report, Dr. Almgren stated that she had reviewed no pharmacy compounding reports, and thus could not verify that chemicals were properly compounded. (Almgren Rep. at 16, ¶¶ 46–48.) On January 14, 2022, Dr. Almgren supplemented

her report based on documents produced by Defendants on November 18, 2021. Exhibit 1. Dr. Almgren was deposed on February 4, 2022, and both the initial report and the January 14, 2022 supplement were included as exhibits to her deposition.

On February 14, 2022, and thereafter, Defendants produced a number of additional documents (*e.g.*, DN 174, 176), including text messages between the Pharmacist and the Drug Procurer and compounding logs for the drugs that Defendants use in executions. Shortly after receiving these documents, Plaintiff asked Dr. Almgren to review the documents to further supplement her initial report and the January 14 supplement. Dr. Almgren has now reviewed the documents and prepared a second supplement to her report. Exhibit 2.

Federal Rule of Civil Procedure 26(e)(2) provides that a "party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." Local Rule 39.01(c)(5)(C) states: "Expert witness disclosure statements may not be supplemented after the applicable disclosure deadline, absent leave of Court."

Plaintiff asks for leave to supplement Dr. Almgren's initial report with the two supplemental reports. Both supplements are based on documents Plaintiff received after the close of fact discovery, and those supplements could not have been prepared before Dr. Almgren had seen the relevant documents. Trial is months away, and Plaintiff promptly provided Defendants' supplemental document productions to Dr. Almgren after receiving them. Plaintiff decided not to seek leave of court for the first supplement when it became clear a second supplement would be necessary in expectation of the February 2022 productions. Courts frequently permit supplements in these scenarios. *Cf. Plymouth Grain Terminals, LLC v. Lansing Grain Co., LLC*, No. 10-CV-5019-TOR, 2013 WL 12177094, at *4 (E.D. Wash. Nov. 21, 2013); *Perez v. First Am. Title Ins. Co.*, 810 F. Supp. 2d 986, 989 (D. Ariz. 2011).

2

WHEREFORE, Plaintiff seeks leave to supplement Dr. Almgren's report so that the trial testimony may include the facts in the initial report and its two supplements. Plaintiff's counsel conferred with counsel for Defendants, who state they are not opposed to the January 14th supplement, but opposed to the April 12th supplement.

Dated: April 13, 2022

Respectfully submitted,

*/s/ David R. Esquivel*
David R. Esquivel (TN # 21459)
Sarah B. Miller (TN # 33441)
Jeremy A. Gunn (PA # 320056)
Michael C. Tackeff (TN # 36953)
BASS, BERRY & SIMS PLC
150 Third Ave. South #2800
Nashville, TN 37201
Telephone: (615) 742-6200
desquivel@bassberry.com
smiller@bassberry.com
michael.tackeff@bassberry.com
jeremy.gunn@bassberry.com

-and-

Alex Kursman (PA Bar No. 306613)
Lynne Leonard (PA Bar No. 318897)
Hayden Nelson-Major (PA Bar No. 320024)
Anastassia Baldrige (PA Bar No. 329703)
Assistant Federal Defenders
Federal Community Defender Office for the
    Eastern District of Pennsylvania
601 Walnut Street, Suite 545W
Philadelphia, PA 19106
(215) 928-0520

-and-

Amy Rao Mohan (TN # 31238)
Christopher C. Sabis (TN # 30032)
Alice Haston (TN # 38708)
SHERRARD ROE VOIGHT &
HARBISON, PLC
150 Third Ave. South, Suite 1100
Nashville, TN 37201
Telephone: (615) 742-4545
amohan@srvhlaw.com
csabis@srvhlaw.com
ahaston@srvhlaw.com

*Counsel for Terry Lynn King*

## CERTIFICATE OF SERVICE

I certify that on April 13, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt which includes:

Cody N. Brandon
Miranda H. Jones
Robert W. Mitchell
Scott C. Sutherland
Mallory K. Schiller
Dean S. Atyia
Tennessee Attorney General's Office
PO Box 20207
Nashville, TN 37202-0207

*/s/ David R. Esquivel*
David R. Esquivel