# **EXHIBIT 25**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| TERRY LYNN KING, | ) | |
| | ) | |
| Plaintiff, | ) | **CAPITAL CASE** |
| | ) | |
| v. | ) | Case No. 3:18-cv-01234 |
| | ) | |
| TONY PARKER, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## AMENDED NOTICE OF DEPOSITION

Pursuant to Federal Rules of Civil Procedure 30 and 45, Defendants Tony Parker, Commissioner of the Tennessee Department of Correction, and Tony Mays, Warden of Riverbend Maximum Security Institution, hereby notify Plaintiff and his counsel of the attached subpoena (Ex. A) seeking the production of documents and testimony from the Utah Department of Corrections. The deposition will be conducted via videoconference on September 17, 2021 starting at 10 AM CST, or at a time and location that is otherwise mutually agreeable to the parties. The deposition will be recorded videographically and/or stenographically.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/Scott C. Sutherland
SCOTT C. SUTHERLAND
Deputy Attorney General

Steven Turley
09/17/2021
Ex 01
Deb Honeycutt

B.P.R. No. 29013
Scott.Sutherland@ag.tn.gov

s/Rob Mitchell
 ROB MITCHELL
B.P.R. No. 32266
Senior Assistant Attorney General
Robert.mitchell@ag.tn.gov

s/Miranda Jones
Miranda Jones 36070
B.P.R. No. 29013
Assistant Attorney General
Law Enforcement and Special
Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-7688
Fax (615) 532-4892
miranda.jones@ag.tn.gov

## **CERTIFICATE OF SERVICE**

I certify that on the 10th day of September 2021, a copy of the foregoing was served via electronic mail on the following:

Alex Kursman
Federal Community Defender Office - PAED
601 Walnut Street
Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Alex_Kursman@fd.org

David R. Esquivel
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800
Nashville, TN 37201
(615) 742-6200
desquivel@bassberry.com

Hayden Nelson-Major
Federal Community Defender Office, E.D. Pa.

2

601 Walnut Street
Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Hayden_Nelson-Major@fd.org

Lynne N. Kolodinsky
Federal Community Defender Office - PAED
601 Walnut Street
Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
lynne_leonard@fd.org

Michael A. Cottone
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800
Nashville, TN 37201
(615) 742-7798
Fax: (615) 742-0488
michael.cottone@bassberry.com

Michael Charles Tackeff
Bass, Berry & Sims (Nashville Office)
150 Third Avenue South
Suite 2800
Nashville, TN 37201
(615) 742-7931
Fax: (615) 248-8812
michael.tackeff@bassberry.com

                      s/Scott C. Sutherland
                      SCOTT C. SUTHERLAND
                      Deputy Attorney General

# UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY LYNN KING <br> *Plaintiff* <br> v. <br> TONY PARKER, et al. <br> *Defendant* | ) ) ) ) Civil Action No.  3:18-CV-01234 ) ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: UTAH DEPARTMENT OF CORRECTIONS 30(b)(6) DESIGNEE(S)
(Served by Agreement on Utah Assistant Attorney General Dan Bokovoy)

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

SEE ATTACHMENT A.

| Place: To be conducted via videoconference by stipulation. | Date and Time: September 17, 2021 at 10:00 am CST |
|---|---|

The deposition will be recorded by this method:  Videographic and/or Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | s/Rob Mitchell |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Parker and Mays , who issues or requests this subpoena, are:

Rob Mitchell, P.O. Box 20207, Nashville, TN 37202-0207, 615-532-6023, robert.mitchell@ag.tn.gov

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:18-CV-01234

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### INSTRUCTIONS FOR DOCUMENT REQUESTS

Pursuant to your obligations under the attached subpoena, Defendants request you produce all documents within your possession, custody, or control and identified herein. The term "document" is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure, and includes, but is not limited to, any printed or reproduced or written paper, notes, correspondence, communications, telegrams, memoranda, notebooks, summaries or records of conversations, diaries, reports, publications, photographs, drawings, charges, graphs, minutes of meetings, transcripts of statements or conversations, brochures, pamphlets, tape recordings, and any other writing of any nature or description whatsoever, including any information contained in any computer or other electronic or magnetic form even if not printed out, whether or not claimed to be privileged or otherwise excludable from discovery.

### DOCUMENT REQUESTS

**REQUEST NO. 1:** Documents sufficient to show Utah's protocol for execution by firing squad.

**REQUEST NO. 2:** Documents sufficient to show the equipment used to carry out an execution by firing squad in Utah.

**REQUEST NO. 3:** Documents sufficient to show the layout of the facilities used for carrying out an execution by firing squad in Utah.

**REQUEST NO. 4:** All documents regarding the construction, outfitting, and maintenance of the facilities used for carrying out an execution by firing squad in Utah.

**REQUEST NO. 5:** All documents regarding the selection and training of personnel to perform execution by firing squad in Utah.

1

**REQUEST NO. 6:** Documents sufficient to show the costs and resources associated with implementing and carrying out the protocol for conducting execution by firing squad in Utah.

INSTRUCTIONS FOR 30(b)(6) TOPICS

Pursuant to your obligations under the attached subpoena, Defendants request you designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on behalf of the Utah Department of Corrections regarding the below topics.

TOPICS OF EXAMINATION

**TOPIC NO. 1:** Utah's protocol for performing an execution by firing squad.

**TOPIC NO. 2:** The equipment used to carry out an execution by firing squad in Utah.

**TOPIC NO. 3:** The layout of the facilities used for carrying out an execution by firing squad in Utah.

**TOPIC NO. 4:** The planning and construction of the facilities used to carry out execution by firing squad in Utah.

**TOPIC NO. 5:** The maintenance of the facilities used to carry out execution by firing squad in Utah.

**TOPIC NO. 6:** The outfitting of the facilities used to carry out execution by firing squad in Utah, including any ballistics safety equipment used.

**TOPIC NO. 7:** The sources consulted to plan and construct facilities used to carry out execution by firing squad in Utah.

**TOPIC NO. 8:** The selection and training of personnel to perform execution by firing squad in Utah.

**TOPIC NO. 9:** The costs and resources associated with implementing and carrying out the protocol for conducting execution by firing squad in Utah.