IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TERRY KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:18-cv-01234 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| LISA HELTON,* et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DONALD MIDDLEBROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:19-cv-01139 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| LISA HELTON,* et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Donald Middlebrooks' Motion to Consolidate with Terry King Case No. 3:18-cv-01234 and an accompanying memorandum of law filed in *Donald Middlebrooks v. Helton, et al.*, Case No. 3:19-cv-01139 ("*Middlebrooks*"). (*Middlebrooks*, Doc. Nos. 45, 46). Through the motion Plaintiff seeks to consolidate *Middlebrooks* with *Terry King v. Lisa Helton, et al.*, Case No. 3:18-cv-01234. Defendants, who are the same in both cases, filed a response in

---

\* The Clerk is directed to amend the docket to reflect the substitution of Lisa Helton, Interim Commissioner of the Tennessee Department of Corrections, for Tony Parker, who has retired, as Defendant in these cases.

opposition (*Middlebrooks*, Doc. No. 47) and Middlebrooks filed a reply (*Middlebrooks*, Doc. No. 48).

On April 19, 2022, the Court held a telephone conference with counsel from both cases to discuss the motion to consolidate. During the telephone conference, counsel for Terry King confirmed that they are not opposed to consolidating the cases for a bench trial to commence October 4, 2022.

For the reasons stated on the record during the telephone conference, the Court **GRANTED** the Motion to Consolidate. (Doc. No. 45). Accordingly, the Court will hold a consolidated bench trial in *King v. Helton, et al.*, Case No. 3:18-cv-01234, and *Middlebrooks v. Helton, et al.*, Case No. 3:19-cv-01139, on October 4, 2022, at 9:00 a.m. in Courtroom 6-D, Fred D. Thompson Federal Building and Courthouse, Nashville, Tennessee. Except as provided herein, the remaining deadlines in the respective case management orders remain unaffected by the trial consolidation.

Counsel for the parties shall appear for a Pretrial Conference on September 26, 2022, at 1:00 p.m. All lawyers who will participate in the trial must attend the Pretrial Conference.

<u>Information Exchanged but not Filed</u>

By September 6, 2022, the parties shall exchange copies of exhibits and make available for examination by any opposing party the original of all exhibits. The authenticity of exhibits should be stipulated to if at all possible. By the same date, the parties shall exchange designations of portions of depositions that are to be read into evidence during the trial, in accordance with the procedure set forth in Local Rule of Court 39.01(c)(4). The parties should attempt to agree on additions to the designations necessary to put responses into context.

## Pretrial Filing Deadlines

Counsel shall file a Joint Proposed Pretrial Order with the Court by September 19, 2022. The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of each Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the issues; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also file with the Court, by September 19, 2022, witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3); exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3); and any stipulations.

## Motions in Limine and Objections to Experts

By September 6, 2022, the parties shall file any motions in limine and any motions objecting to expert testimony. All such motions shall comply with Local Rule 7.01(a)(1). Any responses to such motions shall be filed by September 13, 2022.

## Discovery

Disclosure of expert witnesses and provision of expert reports remains as set by the current scheduling orders in each case. To the extent expert discovery is not specifically address by the scheduling orders, expert witness disclosures shall be made timely, in accordance with Local Rule 39.01(c)(5)(C). Supplemental responses to interrogatories, requests for production and requests for admissions shall be made timely in accordance with Federal Rule of Civil Procedure 26(e) and

Local Rule 39.01(e). Objections to the use of depositions at trial shall be made timely in accordance with Local Rule 39.01(c)(4). The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures or discovery responses.

Pretrial Conference

Counsel shall be prepared, at the Pretrial Conference, to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) preview proposed testimony;

(4) discuss expert testimony;

(5) preview proposed exhibits;

(6) discuss motions in limine;

(7) discuss settlement; and

(8) discuss proposed findings of fact and conclusions of law and pretrial briefs.

All pretrial requirements and deadlines set forth in the Local Rules of Court remain in effect unless specifically addressed above.

It is so **ORDERED.**

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE