# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **TERRY LYNN KING,** | ) | |
| Plaintiff, | ) | **Civil Action No. 3:18-cv-01234** |
| | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| **LISA HELTON, et al.,** | ) | Judge William L. Campbell, Jr. |
| Defendants. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF THE MOTION TO SUPPLEMENT EXPERT REPORT OF DR. MICHAELA ALMGREN

In opposing Plaintiff's Motion, Defendants assert they will be prejudiced by Dr. Almgren submitting a second supplemental report and that the second supplement was untimely. What Defendants' opposition obscures is that Dr. Almgren filed two supplemental expert reports after the disclosure deadline only because Defendants initially refused to produce responsive documents to Plaintiff's requests and belatedly produced important documents related to Dr. Almgren's opinions. Plaintiff first requested the documents cited in Dr. Almgren's second supplemental expert report on August 2, 2021. *See* Exhibit 1 (attached). After Defendants failed to produce the documents, Plaintiff requested them again on October 8th and 21st, but Defendants still did not provide them. Plaintiff ultimately incorporated the request for documents into a Joint Discovery Dispute Statement on December 1, 2021. (Doc. 163). It was not until February 14, 2022, after Magistrate Judge Frensley ordered Defendants to file an affidavit stating that they had produced all responsive documents, that Defendants actually produced the requested documents cited in Dr. Almgren's second supplemental report. (Doc. 167 at 8). There would have been no need for Dr.

Almgren to supplement her expert report if Defendants had timely produced the requested discovery.

After reviewing Defendants' belated February 14 production, Plaintiff determined certain documents in the production were relevant to Dr. Almgren's opinions, promptly provided them to Dr. Almgren, awaited Dr. Almgren's analysis and findings, and served Dr. Almgren's second supplemental report shortly after receiving it. The case management order states that "any supplemental information to expert reports must be made in accordance with Rule 26(a) and (e)." (Doc. 82 at 2). Under Rule 26(e)(2), "[a]ny additions or changes to [the expert's report] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Rule 26(a)(3)(b) requires only that disclosures be made at least 30 days before trial unless the Court requires otherwise, which it has not. Therefore, Dr. Almgren's second supplemental report was timely served under the Court's case management order and the Federal Rules.

Defendants state incorrectly that Plaintiff failed to notify them of Plaintiff's interest in submitting a second supplemental report until the day Plaintiff filed the motion for leave. (Doc. 209 at 2). In fact, Plaintiff's counsel first notified Defendants' counsel on December 27, 2021 that Dr. Almgren may need to supplement her expert report based on the documents requested by Plaintiff but not yet produced. *See* Exhibit 2 (attached). And again on December 30, Plaintiff's counsel reiterated to Defendants' counsel that "Dr. Almgren may also need to supplement her report to address the documents at issue in the discovery dispute." *Id.* Defendants failed to provide the requested discovery for another six weeks, and they cannot now feign surprise by the supplemental report. Nor can they say that Plaintiff did not confer with Defendants' counsel about the supplemental report because neither the local rules nor the case management order requires the parties to meet and confer about filing a supplement report. *See* LR39.01(c)(5)(C); Doc. 82.

2

The Court should permit Dr. Almgren to supplement her report so that the Court may consider the full record of evidence. Defendants and the Court should also be aware that this report almost certainly will need to be further supplemented. Governor Lee recently announced that the State intends to conduct a third-party review of the lethal injection protocol and the "oversight" in the preparation of lethal injection chemicals that led the Governor to cancel the execution of Oscar Smith on April 21, 2022, at the literal last-hour. Apparently, that oversight included Defendants' failure to test the lethal injection chemicals as required by the execution protocol and United States Pharmacopeia standards. Accordingly, Plaintiff's experts may need to file additional supplemental reports as discovery and the third-party review yield more information about the failures associated with Mr. Smith's scheduled execution. This case raises the critical question of whether Tennessee's lethal injection protocol is unconstitutional, and recent events confirm Plaintiff's allegations that the current protocol inflicts cruel and unusual punishment. For that reason, Plaintiff respectfully submits that all relevant evidence, including Dr. Almgren's most recent supplemental expert report, should be before the Court when this case is finally adjudicated.[1]

Dated: May 4, 2022

Respectfully submitted,

*/s/ David R. Esquivel*
David R. Esquivel (TN # 21459)
Sarah B. Miller (TN # 33441)
Jeremy A. Gunn (PA # 320056)
Michael C. Tackeff (TN # 36953)
BASS, BERRY & SIMS PLC
150 Third Ave. South #2800
Nashville, TN 37201

---

[1] In addition, Defendants have repeatedly requested more time to respond to Plaintiff's Statement of Additional Material Facts based on their need to do additional factual investigation before responding. (Doc. 214). Based on the results of Defendants' additional factual investigation and the outstanding discovery sought in Plaintiff's Rule 56(d) motion (Doc. 204, 205), it is entirely likely that Plaintiff's experts will need to provide additional supplements related to whatever new evidence Defendants produce.

Telephone: (615) 742-6200
desquivel@bassberry.com
smiller@bassberry.com
michael.tackeff@bassberry.com
jeremy.gunn@bassberry.com

*-and-*

Alex Kursman (PA Bar No. 306613)
Lynne Leonard (PA Bar No. 318897)
Hayden Nelson-Major (PA Bar No. 320024)
Anastassia Baldrige (PA Bar No. 329703)
Assistant Federal Defenders
Federal Community Defender Office for the
    Eastern District of Pennsylvania
601 Walnut Street, Suite 545W
Philadelphia, PA 19106
(215) 928-0520

*-and-*

Amy Rao Mohan (TN # 31238)
Christopher C. Sabis (TN # 30032)
Alice Haston (TN # 38708)
SHERRARD ROE VOIGHT &
HARBISON, PLC
150 Third Ave. South, Suite 1100
Nashville, TN 37201
Telephone: (615) 742-4545
amohan@srvhlaw.com
csabis@srvhlaw.com
ahaston@srvhlaw.com

*Counsel for Terry Lynn King*

## CERTIFICATE OF SERVICE

       I certify that on May 4, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt which includes:

Cody N. Brandon
Miranda H. Jones
Robert W. Mitchell
Scott C. Sutherland
Mallory K. Schiller
Dean S. Atyia
Tennessee Attorney General's Office
PO Box 20207
Nashville, TN 37202-0207

                                                 */s/ David R. Esquivel*
                                                 David R. Esquivel