# Exhibit 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| TERRY LYNN KING, ) | |
| ) | |
| Plaintiff, ) | **CAPITAL CASE** |
| ) | |
| v. ) | Case No. 3:18-cv-01234 |
| ) | |
| LISA HELTON, et al., ) | JUDGE CAMPBELL |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| DONALD MIDDLEBROOKS, ) | |
| ) | |
| Plaintiff, ) | **CAPITAL CASE** |
| ) | |
| v. ) | Case No. 3:19-cv-01139 |
| ) | |
| LISA HELTON, et al., ) | JUDGE CAMPBELL |
| ) | |
| Defendants. ) | |

---

## AGREEMENT BETWEEN THE PARTIES
---

THIS AGREEMENT, which shall take effect when Defendants' Motion to Stay is granted in the two above-captioned cases brought by Plaintiffs King and Middlebrooks, is entered into by, between, and among the STATE OF TENNESSEE, LISA HELTON (in her official capacity as Interim Commissioner of the Tennessee Department of Correction), TONY MAYS (in his official capacity as Warden of Riverbend Maximum Security Institution) (collectively the "Defendants"), represented by the Tennessee Attorney General's Office, and TERRY LYNN KING, the Plaintiff in the above-captioned case ("King"), represented by Bass, Berry & Sims PLC, and DONALD MIDDLEBROOKS ("Middlebrooks"), the Plaintiff in Case No. 3:19-cv-01139 (M.D. Tenn.), represented by the Federal Public Defender's Office. Each party to this Agreement may be referred to herein as a "Party" or collectively as the "Parties." The Parties enter into this Agreement intending to be legally bound by its terms. The consideration for this Agreement consists of the mutual promises and obligations set forth herein.

## Recitals

A. Whereas, on April 20, 2022, the District Court consolidated the cases of King and Middlebrooks for trial, set for October 4, 2022 (Case No. 3:18-cv-01234, DN 206);

B. Whereas, following complications during the planned execution of Oscar Smith, the parties have reached an agreement in principle regarding the immediate future of these cases;

C. Whereas, the Governor of Tennessee has engaged Ed Stanton III to review the State's lethal injection protocols (the "independent investigation");

NOW, THEREFORE, for and in consideration of the mutual covenants herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Execution Dates for King and Middlebrooks</u>. A motion to set King's execution date will not be filed pursuant to Tenn. Sup. Ct. R. 12(4)(A) until a judgment is entered by the district court in case number 3:18-cv-01234 (M.D. Tenn.) or, in the event of an appeal from that judgment, until an opinion is issued by a panel of the United States Court of Appeals for the Sixth Circuit. In the event Middlebrooks's execution date is reset before the conclusion of a trial or other disposition of his complaint in case number 3:19-cv-01139 (M.D. Tenn.), Defendants will not oppose a motion for stay of execution for Middlebrooks filed in that district court case until a judgment is entered by the district court in that case or, in the event of an appeal, a motion for stay of execution filed under the relevant case number in the Sixth Circuit until an opinion is issued by a panel of the Sixth Circuit. If such a motion for stay is denied, Defendants also agree to advocate for another reprieve from the Governor until a judgment is entered by the district court or, in the event of an appeal, an opinion has been issued by a panel of the Sixth Circuit. If Defendants revise the July 5, 2018 protocol or adopt a new protocol before the district court enters a judgment in case number 3:18-cv-01234 or case number 3:19-cv-01139, Defendants will not object to that Plaintiff—i.e., King or Middlebrooks—amending his complaint one time within ninety (90) days of such revision or adoption to address such a revision or adoption in one count asserting a facial challenge to the revised or new protocol. Nothing in this agreement applies to other litigation outside of the district court case numbers 3:18-cv-01234 and 3:19-cv-01139 (M.D. Tenn.) and any appeal as of right to the Sixth Circuit from a judgment entered in those specific cases.

2. <u>No Expedited Pre-Trial or Trial Following Independent Investigation</u>. Defendants will not seek an expedited pretrial or trial schedule in the pending *King* and *Middlebrooks* federal litigation referenced above, following conclusion of the independent investigation. This should not be understood to waive opposition to any potential motions for an extension of time, motions to reopen discovery, and the like, or any protracted efforts at delay.

3. <u>Independent Investigation</u>. Defendants take no position on whether counsel for King and Middlebrooks should meet with independent counsel Ed Stanton III.

4. <u>Discovery</u>. All discovery will be stayed pending the conclusion of the independent investigation and the timely completion of related corrective action.

5. <u>Summary Judgment & Stay Motions</u>. Plaintiffs will not oppose Defendants' withdrawal of their summary judgment motion in the *King* litigation, and Plaintiffs will not oppose Defendants' motion for a stay in both the *King* and the *Middlebrooks* litigation.

6. <u>Miscellaneous</u>.

(a) This Agreement constitutes the entire agreement, understanding, negotiation, and discussion, whether written or oral, between the Parties. There are no covenants, conditions, agreements, representations, warranties or any other terms or provisions, express or implied, collateral, statutory or otherwise, relating to the subject matter hereof, except as herein provided.

(b) This Agreement is to be governed, interpreted, and enforced in accordance with the laws of the state of Tennessee. Exclusive venue for any disputes shall be in the United States District Court for the Middle District of Tennessee.

(c) No amendments or modifications of this Agreement shall be deemed effective unless made in writing and signed by the parties hereto.

(d) This Agreement may be executed in any number of counterparts, and such counterparts executed and delivered, each as an original, shall constitute but one and the same instrument. A photocopy, facsimile or other electronic signature of a party hereto has the same force and effect as an original signature of such party.

(e) Each Party has carefully read this Agreement and fully understands the scope and effect of its terms and has had an opportunity to consult with an attorney. No Party has relied on any representations or statements made by the other Party that are not specifically set forth in this Agreement. Each Party enters into and signs this Agreement knowingly and voluntarily, without duress or coercion of any kind whatsoever and with the intent of being bound by this Agreement and agree that the terms of this Agreement are reasonable.

(f) Each Party to this Agreement shall execute and deliver such documents and shall take such actions as may be reasonably necessary or desirable to effect the transactions described in this Agreement as mutually approved by their respective counsels.

(g) Each Party warrants that the persons executing this Agreement have the necessary and appropriate authority and capacity to execute this Agreement and to make this Agreement fully binding upon and enforceable against himself/herself or the entity he/she represents.

Executed to be effective on the same date Defendants' motion to stay is granted.

/s/ David R. Esquivel
David R. Esquivel
Bass, Berry & Sims PLC
150 Third Ave. South #2800
Nashville, TN 37201
Telephone: (615) 742-6200
Email: desquivel@bassberry.com

*Counsel for Terry Lynn King*


/s/ Robert W. Mitchell
Robert W. Mitchell
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207
Telephone: (615) 741-3491
Email: robert.mitchell@ag.tn.gov

*Counsel for State of Tennessee, Lisa Helton, and Tony Mays*


/s/ Kelley J. Henry
Kelley J. Henry
Federal Public Defender's Office (MDTN)
810 Broadway
Suite 200
Nashville, TN 37203
Telephone: (615) 736-5047
Email: kelley_henry@fd.org

*Counsel for Donald Middlebrooks*

4

Case 3:18-cv-01234   Document 219-3   Filed 05/06/22   Page 5 of 5 PageID #: 12748