IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| TERRY LYNN KING, | ) | |
| | ) | |
| Plaintiff, | ) | **CAPITAL CASE** |
| | ) | |
| v. | ) | Case No. 3:18-cv-01234 |
| | ) | |
| LISA HELTON, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DONALD MIDDLEBROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | **CAPITAL CASE** |
| | ) | |
| v. | ) | Case No. 3:19-cv-01139 |
| | ) | |
| LISA HELTON, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' NOTICE OF COMPLETION OF THE INDEPENDENT INVESTIGATION OF THE LETHAL INJECTION PROCESS AND UNOPPOSED[1] MOTION TO EXTEND STAY OF THE PROCEEDINGS**

Defendants Lisa Helton and Tony Mays respectfully file this memorandum of law in support of their Notice of Completion of the Independent Investigation of the Lethal Injection Process and Unopposed Motion to Extend Stay of Proceedings.

---

[1] Defendants have conferred with all parties prior to this filing. The relief requested is unopposed; however, Defendants understand that Plaintiffs intend to file a response.

On May 10, 2022, this Court entered an order staying the proceedings in this case pending the outcome of the independent investigation into the lethal injection process in Tennessee. (D.E. 221). This Court further ordered that, within 30 days of completion of the investigation, Defendants shall file a notice with the Court, move to reopen the cases, and set a revised scheduling order. (*Id.*)

The independent investigation was completed with the issuance of a report on December 13, 2022. Following the issuance of the report, on December 28, Governor Bill Lee directed that certain proactive steps be taken to ensure that TDOC adheres to established protocol. Based on the findings of the report and the directives of Governor Lee, and in consultation with Plaintiffs, Defendants have moved this Court to extend the stay of the proceedings. Plaintiffs do not oppose this motion.

After consultation, Defendants and Plaintiffs agree that reopening of the case and setting of a scheduling order would be premature at this time. Governor Lee explained that staffing changes of the leadership at TDOC will be made, including the hiring of a new commissioner. The new leadership will revise the lethal injection protocol and provide training on that protocol. The changes necessitated by the report and the Governor's directives will likely affect the scope of Plaintiffs' complaints and undoubtedly will affect the course the proceedings before this Court, since, most notably, the necessary development of the factual record is not feasible until these changes are complete.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs, Tennessee death-row inmates, challenge the constitutionality of Tennessee's primary method of execution—a three-drug lethal injection protocol that became effective on July

5, 2018. (*Middlebrooks v. Helton*, No. 3:19-cv-01139, D.E. 13, PageID# 156, 195-97; *King v. Helton*, No. 3:18-cv-01234, D.E. 51, PageID# 2142.)

On April 21, 2022, death-row inmate, Oscar Smith, was scheduled to be executed. However, on the afternoon of Smith's scheduled execution, Governor Lee issued a temporary reprieve due to an oversight in the preparation of lethal injection chemicals for use in Smith's execution. (D.E. 219-1, PageID# 12741.) On May 2, 2022, Governor Lee explained that the lethal injection chemicals to be used in the April 21, 2022 execution were tested for potency and sterility but not endotoxins, and the Governor directed former U.S. Attorney Ed Stanton to conduct an independent investigation of the following:

- Circumstances that led to testing the lethal injection chemicals for only potency and sterility but not endotoxins preparing for the April 21 execution

- Clarity of the lethal injection process manual that was last updated in 2018, and adherence to testing policies since the update

- [TDOC] staffing considerations

(D.E. 219-2, PageID# 12743.)

In light of the independent investigation, Governor Lee "paus[ed] scheduled executions through the end of 2022 in order to allow for the review and corrective action to be put in place." (*Id.*)

On May 6, 2022, Defendants filed an unopposed motion to stay these proceedings to allow for the completion of the independent investigation because it was "clearly contemplated that the independent investigation will result in changes to the ways in which TDOC conducts lethal injection procedures, the ways in which those procedures are staffed, and the personnel responsible for implementing those procedures." (D.E. 220, PageID# 12751-52.) The Parties also entered into a separate agreement, filed with the Court, which memorialized their agreement that "[a]ll

3

discovery will be stayed pending the conclusion of the independent investigation and the timely completion of related corrective action."  (D.E. 219-3, PageID# 12747.)  The Court granted Defendants' motion on May 10, 2022.  (D.E. 221.)

On December 13, 2022, Mr. Stanton issued a report of the findings of his investigation, which has been made public.  (Exhibit A, *Tennessee Lethal Injection Protocol Investigation, Report and Findings* (Dec. 13, 2022).)  Thereafter, Governor Lee directed that several corrective steps be taken to ensure that the TDOC adheres to established lethal injection procedures.  Those steps are as follows:

1. Staffing changes at TDOC's leadership level;

2. Hiring and onboarding a permanent TDOC commissioner in January 2023;

3. Revising the state's lethal injection protocol by new TDOC leadership, in consultation with the Governor's Office and the Office of the Tennessee Attorney General and Reporter; and

4. Reviewing of all training associated with the revised lethal injection protocol and operational updates by new TDOC leadership.

(Exhibit B, *Gov. Lee Announces Decisive Action to Ensure Proper Protocol at TDOC* (Dec. 29, 2022).)

Following Governor Lee's announcement, counsel for Defendants conferred with counsel for Plaintiffs regarding an extension of the stay of these proceedings.  Plaintiffs do not oppose the motion to extend the stay.

## LEGAL STANDARDS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  Entry of an order staying proceedings "ordinarily rests with the sound discretion of the District Court."  *F.T.C.*

4

Case 3:18-cv-01234   Document 225   Filed 01/12/23   Page 4 of 8 PageID #: 12784

*v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Ohio Environmental Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977)). When considering whether to grant a stay, a court weighs three factors: "(1) any prejudice to the non-moving party if a stay is granted, (2) any prejudice to the moving party if a stay is not granted, and (3) the extent to which judicial economy and efficiency would be served by the entry of a stay." *Does #1-3 v. Lee*, No. 3:19-CV-00532, 2020 WL 4904663, at *1 (M.D. Tenn. Feb. 18, 2020) (quoting *Tennessee ex rel. Cooper v. McGraw-Hill Cos., Inc.*, No. 3:13-00193, 2013 WL 1785512, at *6 (M.D. Tenn. Apr. 25, 2013)).

## ARGUMENT

All three factors governing the grant of a stay—(1) prejudice to the non-moving party, (2) prejudice to the moving party, and (3) judicial economy and efficiency—weigh in favor of continuing the stay of these proceedings.

First, there is no prejudice to either party if the stay is continued. Plaintiffs do not oppose the extension of this stay. And practically speaking, any revision of the protocol that serves as the basis of the current complaints (and associated staffing changes and training updates) will necessarily result in amendment of the complaints and alter the facts underlying the allegations and relief sought. Plaintiffs cannot fully evaluate the effect of any revisions on their constitutional challenge until those revisions occur.

Second, it would be inefficient for Defendants to continue to litigate facts that may become moot upon adoption of a revised protocol. Doing so would also be a waste of judicial resources. It is for reasons of economy and efficiency that in the stay agreement previously filed with the Court, the Parties agreed that any stay would extend until "timely completion of related corrected action." (D.E. 219-3, PageID# 12747.)

Third, continuing the stay serves the interests of judicial economy. It would be inefficient for this Court to adjudicate discovery and merits litigation concerning a protocol that the Governor has ordered be replaced.

Defendants are unable to provide the Court with a specific timeline for completion of revisions to the protocol as there are factors outside their control that may dictate the time it may take to complete the process. Should the Court find it beneficial, Defendants can provide updates to the Court every 90 days, or as the Court directs, for the purpose of informing the Court and Plaintiffs of the progress of the corrective steps being taken.

## CONCLUSION

For these reasons, Defendants' unopposed motion to extend the current stay of these proceedings should be granted and all deadlines, discovery, and proceedings in these consolidated proceedings should be stayed until the completion of corrective actions called for by the report and the Governor's directives based on the report.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ *Dean S. Atyia*
DEAN S. ATYIA (039683)
Team Leader/Assistant Attorney General
SCOTT C. SUTHERLAND (29013)
Deputy Attorney General
MIRANDA JONES (36070)
MALLORY SCHILLER (36191)
CODY N. BRANDON (037504)
JOHN R. GLOVER (037772)
Assistant Attorneys General
Law Enforcement and
Special Prosecutions Div.
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-6023

Fax (615) 532-4892
Dean.Atyia@ag.tn.gov
Scott.Sutherland@ag.tn.gov
Miranda.Jones@ag.tn.gov
Mallory.Schiller@ag.tn.gov
Cody.Brandon@ag.tn.gov
John.Glover@ag.tn.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on January 12, 2023, a copy of the foregoing was filed and served via the Court's CM/ECF system on the following:

Kelly Henry
Supervisory Asst. Federal Community Defender,
810 Broadway, Suite 200,
Nashville, TN 37203
615-695-6906
Kelley_Henry@fd.org


Alex Kursman
Lynne Leonard
Anastassia Baldridge
Hayden Nelson-Major
Assistant Federal Defenders
Federal Community Defender for the E.D. Penn.
Suite 545 West, The Curtis
601 Walnut St.
Philadelphia, PA 19106
(215) 928-0520
alex_kursman@fd.org
lynne_leonard@fd.org
ana_baldridge@fd.org
hayden_nelson-major@fd.org

David Esquivel
Sarah Miller
Jeremy Gunn
Michael Tackeff

Bass, Berry & Sims 150 Third Ave. South
Nashville, TN 37201
(615) 742-6200
desquivel@bassberry.com
smiller@bassberry.com
jeremy.gunn@bassberry.com
michael.tackeff@bassberry.com

Alice Haston
Amy Rao Mohan
Christopher C. Sabis
Sherrard Roe Voight & Harbison, PLC
150 Third Ave. South
Suite 1100
Nashville, TN 37201
(615) 742-4539
ahaston@srvhlaw.com
amohan@srvhlaw.com
csabis@srvhlaw.com


                                                  s/ *Dean S. Atyia*
                                                  DEAN S. ATYIA