IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **TERRY LYNN KING,** | ) | |
| | ) | |
| Plaintiff, | ) | **CAPITAL CASE** |
| | ) | |
| v. | ) | Case No. 3:18-cv-01234 |
| | ) | |
| **LISA HELTON, et al.,** | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **DONALD MIDDLEBROOKS,** | ) | |
| | ) | |
| Plaintiff, | ) | **CAPITAL CASE** |
| | ) | |
| v. | ) | Case No. 3:19-cv-01139 |
| | ) | |
| **LISA HELTON, et al.,** | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

**NOTICE OF CORRECTIONS OF INACCURACIES AND/OR MISSTATEMENTS**

Counsel for Defendants submit this filing to correct inaccuracies and/or misstatements in Defendants' filings in *King* and *Middlebrooks*.

Tennessee death row inmate Oscar Smith was scheduled to be executed on April 21, 2022. On the date of his scheduled execution, Counsel for Defendants were notified by Defendants that certain lethal injection chemicals may not have been tested in accordance with the lethal injection protocol. (Exhibit 1 at 19-20.) Thereafter, Governor Lee issued Oscar Smith a reprieve from execution of the sentence of death. (*Id.* at 18-19). On May 2, 2022, Governor Lee issued a press release stating that the lethal injection chemicals to be used in the April 21, 2022 execution of death row inmate Oscar Smith were tested for "potency and sterility but not endotoxins." (Press

1

Release, Office of the Governor, Gov. Lee Calls for Independent Review Following Smith Reprieve (tn.gov) (May 2, 2022) (attached as Exhibit 2).) As a result, Governor Lee directed former U.S. Attorney Ed Stanton to conduct an independent investigation of the following:

- Circumstances that led to testing the lethal injection chemicals for only potency and sterility but not endotoxins preparing for the April 21 execution
- Clarity of the lethal injection process manual that was last updated in 2018, and adherence to testing policies since the update
- [TDOC] staffing considerations

(*Id.*)

As a result of the circumstances leading to Governor Lee's reprieve of Mr. Smith's execution, undersigned counsel filed a Notice of Inaccuracies or Misstatements to Be Corrected upon information and belief that filings made by counsel on behalf of Defendants contained inaccuracies or misstatements on May 6, 2022. (*King*, D.E. 217; *Middlebrooks*, D.E. 58.) And because of undersigned counsel's belief that filings may have contained inaccuracies or misstatements, counsel moved to withdraw its motion for summary judgment in the *King* case. (*King*, D.E. 218.)

Mr. Stanton's investigation was completed with the issuance of the Report and Findings of the Tennessee Lethal Injection Protocol Investigation on December 13, 2022. ("Report," Exhibit 1.) Counsel for Defendants have conducted a good faith review of Defendants' filings in *King* and *Middlebrooks* to identify the existence of any known misstatements and inaccuracies contained therein in light of the report's findings. Counsel for Defendants are prepared to make further corrections should this become necessary.[1]

---

[1] Counsel for Defendants are also aware of the finding in the report that "On April 22, 2022, the Tennessee Attorney General's Office received 31 pages of testing results dating back to 2018,

2

Counsel for Defendants present the following information to correct known inaccuracies and/or misstatements in the *King* filings:

| Docket Entry | PageID# | Inaccuracy/Misstatement | Correction |
|---|---|---|---|
| 27 – Defs' Response Opp. Pl. Miller's Mot. Temporary Restraining Order | 1775 | "Defendants will be prepared and able to carry out [Mr. David] Miller's death sentence by lethal injection according to the Lethal Injection Procedures . . . ." | The compounded midazolam yielded a below range potency and was not tested for endotoxins. (Exhibit 1 at 26-27.) The midazolam was not used as Mr. Miller ultimately elected to be executed by electrocution. (*Id.*) |
| 33 – Defs' Response Opp. Pl. Miller's Mot. Disclosure of Information | 1913 | "In light of these attestations, Miller's protest that there is 'no proof' that the Defendants can carry out a lethal injection as required under the protocol is baseless." | The compounded midazolam yielded a below range potency and was not tested for endotoxins. (Exhibit 1 at 26-27.) The midazolam was not used as Mr. Miller ultimately elected to be executed by electrocution. (*Id.*) |
| 33 – Defs' Response Opp. Pl. Miller's Mot. Disclosure of Information | 1913 | "Miller's claim that both "recent executions [of Mr. Billy Irick and Mr. Edmund Zagorski] deviated from the execution protocols," is merely speculative." (citation omitted) | The executions of Mr. Billy Irick and Mr. Edmund Zagorski deviated from the Protocol because the midazolam used in the execution of Mr. Irick was not tested for endotoxins and potency and the compounded lethal injection chemicals prepared for Mr. Zagorski's execution were not tested for endotoxins and failed potency testing. (Exhibit 1 at 1-2.) |
| 136 – Joint Discovery Dispute Statement | 5210 | "Discovery *not relevant and proportional* to Plaintiff's facial challenge includes discovery to answer hypothetical questions about how the protocol's implementation could fail when it has not so far." | To the extent that this statement could be read as asserting that the Protocol's implementation has not failed, in the application of the July 5, 2018 Protocol, the compounded lethal injection chemicals have not been tested for endotoxins and the midazolam used in Mr. Billy Irick's execution was not tested for potency.(Exhibit 1 at 1-2, 12-13, 17-33.) |

although only 17 of those had been produced previously in litigation." (Exhibit 1 at 20.) Defendants are in the process of repeating all collection efforts with the assistance of a vendor.

| Docket Entry | PageID# | Inaccuracy/Misstatement | Correction |
|---|---|---|---|
| 183 – Mem. Supp. Defs' Mot. Summary J. | 5676 | "The Pharmacist also arranges third-party testing of the compounded drugs to ensure their potency and sterility." | In the application of the July 5, 2018 Protocol, the compounded lethal injection chemicals have not been tested for endotoxins and the midazolam used in Mr. Billy Irick's execution was not tested for potency. (Exhibit 1 at 1-2, 12-13, 17-33.) |
| 184 – Defs' Statement Undisputed Material Facts | 5730 ¶ 211 | "The Compounding Pharmacist arranges for an independent third-party laboratory to test the compounded LIC for potency, sterility, and endotoxins." | In the application of the July 5, 2018 Protocol, the compounded lethal injection chemicals have not been tested for endotoxins and the midazolam used in Mr. Billy Irick's execution was not tested for potency. (Exhibit 1 at 1-2, 12-13, 17-33.) |
| 184 – Defs' Statement Undisputed Material Facts | 5730 ¶ 212 | "The Pharmacy ships the compounded LIC to TDOC within 24 to 48 hours of receiving the results of the testing from the independent third party." | Text messages between the Drug Procurer and the Pharmacy Owner indicate that, at TDOC's urging, the Pharmacy Owner shipped the midazolam to TDOC before receiving the sterility test results for the midazolam used in the execution of Mr. Billy Irick. (Exhibit 1 at 24.)<br><br>Text messages between the Drug Procurer and the Pharmacy Owner indicate that, at TDOC's urging, the Pharmacy Owner shipped the midazolam to TDOC before receiving the sterility test results for the midazolam intended for use in the execution of Mr. Edmund Zagorski. (Exhibit 1 at 25.)<br><br>Text messages between the Drug Procurer and the Pharmacy Owner also indicate that the Pharmacy owner shipped the midazolam to TDOC before receiving the sterility test results for the midazolam used in the |

| Docket Entry | PageID# | Inaccuracy/Misstatement | Correction |
|---|---|---|---|
| | | | execution of Mr. Donnie Johnson. (Exhibit 1 at 27.)<br><br>It appears that the Pharmacy Owner may have shipped the potassium chloride intended for use in the execution of Mr. Stephen West to TDOC before receiving the potency test results. (Exhibit 1 at 30.)<br><br>It appears that the Pharmacy Owner may have shipped the midazolam and potassium chloride intended for use in the execution of Mr. Lee Hall to TDOC before receiving the potency and sterility test results for either chemical. (Exhibit 1 at 31-32.) |
| **208 – Defs' Resp. Opposition Pl's Mot. Deny or Defer Consideration Defs' Mot. Summary J.** | 12694 | "[A]ll the essential facts are in the record . . . ." | In the application of the July 5, 2018 Protocol, the compounded lethal injection chemicals have not been tested for endotoxins and the midazolam used in Mr. Billy Irick's execution was not tested for potency. (Exhibit 1 at 1-2, 12-13, 17-33.) |

Counsel for Defendants present the following information to correct known inaccuracies and/or misstatements in the *Middlebrooks* filings:

| Docket Entry | PageID# | Inaccuracy/Misstatement | Correction |
|---|---|---|---|
| **53 – Defs' Answer to First Amended Compl.** | 507 ¶ 102 | "102. Defendants followed the July 5, 2018 midazolam-based lethal injection protocol in carrying out Donnie Johnson's execution.<br><br>ANSWER: Admit" | Defendants failed to comply with the Protocol's requirements regarding testing for endotoxins. (Exhibit 1 at 2, 12-13, 22, 27-28.) |

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ Scott C. Sutherland
SCOTT C. SUTHERLAND (29013)
Deputy Attorney General

DEAN ATYIA (039683)
MIRANDA JONES (36070)
CODY N. BRANDON (037504)
JOHN R. GLOVER (037772)
Assistant Attorneys General
Law Enforcement and
Special Prosecutions Div.
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-7688
Fax (615) 532-4892
Scott.Sutherland@ag.tn.gov
Dean.Atyia@ag.tn.gov
Miranda.Jones@ag.tn.gov
Cody.Brandon@ag.tn.gov
John.Glover@ag.tn.gov
*Counsel for Defendants*

6

Case 3:18-cv-01234   Document 229   Filed 05/01/23   Page 6 of 7 PageID #: 13161

## CERTIFICATE OF SERVICE

I certify that on May 1, 2023, a copy of the foregoing was filed and served via the Court's CM/ECF system on the following counsel for *Middlebrooks*:

Amy Harwell
Houston Goddard
Katherine Dix
Katheryn Thomas
Kelley Henry
Marshall Jensen
Richard Tennent
Federal Public Defender's Office (MDTN)
810 Broadway, Suite 200,
Nashville, TN 37203
615-695-6906
Amy_Harwell@fd.org
houston_goddard@fd.org
Katherine_Dix@fd.org
kit_thomas@fd.org
Kelley_Henry@fd.org
Marshall_Jensen@fd.org
Richard_Tennent@fd.org

And on the following counsel for *King*:

Alex Kursman
Lynne Leonard
Anastassia Baldridge
Hayden Nelson-Major
Assistant Federal Defenders
Federal Community Defender for the E.D. Penn.
Suite 545 West, The Curtis
601 Walnut St.
Philadelphia, PA 19106
(215) 928-0520
alex_kursman@fd.org
lynne_leonard@fd.org
ana_baldridge@fd.org
hayden_nelson-major@fd.org

David Esquivel
Sarah Miller
Jeremy Gunn
Michael Tackeff

Bass, Berry & Sims 150 Third Ave. South
Nashville, TN 37201
(615) 742-6200
desquivel@bassberry.com
smiller@bassberry.com
jeremy.gunn@bassberry.com
michael.tackeff@bassberry.com

Alice Haston
Amy Rao Mohan
Christopher C. Sabis
Sherrard Roe Voight & Harbison, PLC
150 Third Ave. South
Suite 1100
Nashville, TN 37201
(615) 742-4539
ahaston@srvhlaw.com
amohan@srvhlaw.com
csabis@srvhlaw.com

             s/ Scott C. Sutherland
             SCOTT C. SUTHERLAND